LOFTIS *v.* EDWARDS.

5-2737                                    356 S. W. 2d 742

Opinion delivered May 7, 1962.

*Fulk, Lofton, Wood, Lovett & Parham,* by *Warren E. Wood,* for appellant.

*James R. Howard,* for appellee.

J IM J OHNSON, Associate Justice. This case involves the foreclosure of a laborer's and materialman's lien.

Between the dates of March 20 and April 21, 1959, appellants sold materials to and performed labor for the appellees in the amount of $1,032.54. The materials and labor were utilized in the construction of improvements on property described as Lot Twelve, Block One, Fairground Addition to the City of Little Rock. Appellants received a payment of $100.00 and gave appellees credit therefor, leaving a balance due of $932.54.

Appellants followed the statutory requirements in perfecting a Laborer's and Materialman's Lien. When the indebtedness was not paid, appellants filed suit against appellees in Chancery Court, Pulaski County, and service was obtained. The complaint prayed for judgment against appellees and that same be declared a first lien on the property and "if said judgment be not paid, that the property be sold to satisfy said lien for costs and all other just and proper relief."

Appellees did not elect to file a responsive pleading and on August 8, 1960, a default judgment was entered against appellees for the sum of $932.54, together with their cost. A lien was impressed upon the lot and building which were ordered to be sold if the judgment was

not paid within ten days. The judgment did not name a Commissioner to sell the property and fix the time, place and terms of the sale.

After the expiration of that term of court (Sec. 1 and 2, Act 342 of 1923), on May 22, 1961, appellants filed a motion in the Pulaski Chancery Court stating that the judgment indebtedness had not been paid and requested the Court to enter an order naming the Chancery Clerk as Commissioner to sell the property and to fix the time, place and terms of the sale.

Appellees filed a demurrer to the motion on June 27, 1961, and on August 16, 1961, the demurrer was sustained by the Court.

Appellants attempted an appeal from the order sustaining appellees' demurrer. The appeal was dismissed for the lack of a final and appealable judgment thereby leaving the cause pending in the trial court. *Loftis* v. *Edwards*, 234 Ark. 632, 353 S. W. 2d 535. A final order of dismissal was entered by the trial court on February 15, 1962, and from that order comes this appeal.

Appellees contended as grounds for their demurrer and contend here that the court had no authority to amend the decree after the lapse of the term. To the contrary appellants urge that the court had control of its own judgment and possessed inherent power to enforce it.

At first blush this most interesting problem appeared to be a technical exception to the sacred maxim that "Equity will not suffer a wrong to be without a remedy", however, upon further research we find that the matter presented for our consideration was settled by the Civil Code of 1869, §§ 405 and 406. These sections are brought forward as Ark. Stats. § 51-1105 and § 51-1108. Section 51-1105, Ark. Stats., is as follows:

"Interlocutory order unnecessary—Judgment in First Instance.—It shall not be necessary, in any action

upon a mortgage or lien, to enter an interlocutory judgment or give time for the payment of money, or for doing any other act; but final judgment may in such cases be given in the first instance.''

This section of our statutes is permissive; certainly it is not prohibitive to the entry of an interlocutory order as was the nature of the order in the case at bar. Had the judgment been paid within the ten days allotted there would have been no necessity for a final decree. Section 51-1108, Ark. Stats., is as follows:

''Sale of property always ordered.—In the foreclosure of a mortgage, a sale of the mortgaged property shall in all cases be ordered.''

This section of our statutes is mandatory. Therefore, since an interlocutory judgment in the foreclosure of a lien is permissible and the sale of the property in foreclosure proceedings shall in all cases be ordered, we are impelled to the conclusion that the trial court here failed to comply with the statutes by refusing to complete the decree even at a subsequent term. See 59 CJS, p. 1265, and also 19 Am. Jur. Equity, § 418. Accordingly, the trial court's order sustaining the demurrer and dismissing the action is reversed and the cause is remanded with directions to enter a final decree naming a Commissioner to sell the property upon which a lien was impressed and fix the time, place and terms of the sale.

Reversed and remanded with directions.