Lonnie C. TURNER *v.* WIEDERKEHR
VILLAGE

76-293                                    546 S.W. 2d 717

Opinion delivered February 22, 1977
(In Banc)

*Turner & Clift,* for appellant.

*William M. Stocks,* for appellee.

GEORGE ROSE SMITH, Justice. In 1975 the county court of Franklin county granted a petition for the creation of an incorporated town, to be named Wiederkehr Village. The appellant, a practicing attorney living in the city of Ozark, took an appeal to the circuit court, although he had not been a party to the county court proceeding. The circuit judge

sustained the Village's motion to dismiss Turner's challenge to the incorporation, on the ground that Turner had no standing to question the county court order. That issue of standing is the only question before us.

Under the statute, "any person interested" may contest the incorporation. Ark. Stat. Ann. § 19-102 (Repl. 1968). The annexation statute incorporates that section by reference. Section 19-302. In construing the phrase, "any person interested," we held in an annexation case that it means a person who resides or owns property either in the annexing city or in the area to be annexed. *City of Crossett v. Anthony,* 250 Ark. 660, 466 S.W. 2d 481 (1971). At the hearing in the trial court Turner contended primarily that he owned property in the Village, because he had a contingent fee contract under which he would acquire three acres there if he won his client's lawsuit. During the oral argument before us Turner conceded that his contingent fee agreement did not amount to the ownership of property in the Village.

Turner now contends, as he did to some extent in the trial court, that people living in the area, although not within the definition of "any person interested," should have an opportunity "to determine what effects this town could have on their schools, police facilities, government loans, grants, state turnback funds, the cost of holding elections, water supply, and fire protection." Turner also mentions his ownership of property somewhere near the Village. (Its exact location is not shown, Turner having referred to it at the hearing as being "right next to the area to be incorporated" and again as being "one quarter of a mile or less than a quarter of a mile across the road" from the area.)

We do not foreclose the possibility that a person owning property near an area to be incorporated might have standing to oppose the incorporation if he could show that he was threatened with a direct pecuniary damage not shared by members of the public in general. But Turner has not suggested or offered to show that he is in that situation. His grievance, if he has one, is common to everyone in the neighborhood. The legislature, in the interest of orderly and prompt procedure, unquestionably had the authority to

restrict the right of protest to persons having a direct interest in the matter. We expressed that view in the *Crossett* case, *supra*, in limiting the right of protest to residents and property owners in the area: "If these protestants [outsiders] have such interest, there would be no reason why any other citizen within the trade area of Crossett, or indeed within Ashley County, would not also have such interest. We hold, therefore, that 'any person interested' as referred to in the statute, means any person who actually has some interest in the city or in the area to be annexed, and that at least some such interest must be shown on trial de novo in the circuit court in the face of a motion to dismiss for lack of interest." We adhere to that view.

Affirmed.