Vick PALMER, A. J. PRATT, Joe PADGETT,
Bill BRAZEAR and James HENDRICKSON
*v.* CITY OF CONWAY, Arkansas and
George HARTJE, Agent

CA 80-265                                              607 S.W. 2d 87

Court of Appeals of Arkansas
Opinion delivered November 12, 1980

*Guy Jones, Jr.*, for appellants.

*Ronald L. Burton* and *Jesse W. Thompson*, for appellees.

DAVID NEWBERN, Judge. This is a city annexation case. The decision in the lower court approved the annexation. In addition to the appellants' points for reversal, we will discuss the appellees' contention that the appellants have no standing in the case. We find that one of the appellants has sufficient standing to raise the asserted errors, but we disagree with the appellants' assertions of error, and thus, the lower court's judgment is affirmed.

The annexation was brought about by a petition circulated by persons who owned property adjoining the city of Conway. The appellants appeared personally before the county court to make their remonstrance known. The county judge approved the annexation of all of the property originally sought to be annexed but later amended his order, apparently for the purpose of excluding properties owned by these appellants from that to be annexed. The county judge failed to exclude some two acres belonging to appellant A.J. Pratt and the property of appellant Joe Padgett.

The matter was then appealed to the circuit court which completed the task of excluding the property owned by Pratt but did not exclude that belonging to Padgett.

## 1. *Standing.*

The appellees contend that the appellants have no standing to appeal the circuit court judgment because none of them, with the exception of appellant Joe Padgett, owned property in the area to be annexed, and Padgett did not participate in the circuit court trial. *Perkins* v. *Holman*, 43 Ark. 219 (1884). If it were true that none of the appellants owned property in the area to be annexed or in the city to which it is to be annexed, this might have been a valid point. However, it is admitted that Padgett owns property in the area to be annexed. The fact that Padgett did not participate in the circuit court proceedings does not convince us that he was not a litigant there. His name was on the pleading, and the circuit court judgment purported to affect him as well as the other

appellants. The appellees cite no authority holding that failure to participate makes one who appears there as a matter of record any less entitled to appeal the result. Having found that one of the appellants has standing to pursue this appeal, we proceed to the points raised by them.

### 2. *Premature order.*

The appellants' first contention is that Ark. Stat. Ann., § 19-303 (Repl. 1980), prevents any further action from being taken for a period of 30 days after the county court has entered its order granting the annexation petition, and that here the 30 days had not elapsed before the city of Conway passed an ordinance accepting the annexation.

The appellees respond, and we agree, that the sole purpose of that statute is to give to remonstrants an opportunity to appeal the county court order to the circuit court. In *Barnwell* v. *Town of Gravette*, 87 Ark. 430, 112 S.W. 973 (1908), our supreme court said:

> Thirty days are allowed for a notice of complaint against such annexation; and where such complaint has been heard and dismissed, then thirty days must elapse before the order of annexation shall be made. This thirty days after the dismissal of the complaint is evidently in order to allow the remonstrants to appeal. There can be no other purpose for it in the legislative scheme.

While § 19-303 was not cited there, and we cannot be entirely certain the court was writing about the 30-day period prescribed in that particular statute, we believe the principle espoused in that annexation case applies in this one. We can find no prejudice which occurred to these appellants because the ordinance was passed some two days before the period elapsed. The appellants were in no way prevented from taking their appeal to the circuit court. The statute gives the right to protest the annexation in circuit court during the 30-day period to "any person interested." Again, we cannot see how these appellants have been prejudiced by failure to follow the statute even though it might be surmised that some

other "person interested" might somehow have been deprived of his or her right to protest the annexation.

### 3. *Validity of the annexation petition.*

Under this point, the appellants contend that the lower court erred in finding that the majority of the property owners in the annexed area signed and agreed with the petition for annexation and that the signers owned a majority of the acreage affected. The contention seems to be that the trial court should have disqualified many of the petition signers. The appellees meet the argument by stating explanatory and contradictory facts surrounding the signatures of the signers whose qualifications are questioned by the appellants.

This argument is no more than a rehashing of the facts which were decided by the trial court. We decline an invitation to make these factual determinations as that is, of course, not our duty. Much of the testimony heard by the trial court went directly to the qualifications of the petitioners, and we find no reason to reverse the determination that there were sufficient valid signatures. The appellants' brief has merely argued facts without even suggesting a reason for us to reverse the trial judge's findings.

### 4. *Technical failures.*

In their final point, the appellants urge that a number of errors occurred in the annexation process acknowledging that many of their allegations have to do with questions to be answered in "the sound discretion of the court as the trier of fact." We agree that all of the items mentioned in this point, *e.g.*, allegations of misrepresentation used to obtain signatures to the petition and alteration of the plat considered by the trial court in a way that misled the court and the signers of the petition are factual determinations. For that reason and because no authorities whatever are cited under this point, we decline to consider these allegations. The appellants have not demonstrated that there is no substantial evidence in the record to support the trial court's findings or that those findings were clearly erroneous or clearly against the preponderance of the evidence. A. R. Civ. P. 52.

Affirmed.