Elmira BRITTON, Larry Nunn, et al. *v.* CITY OF CONWAY, Arkansas, Buy Murphy and Earl Rogers, et al.

CA 91-13                                      821 S.W.2d 65

Court of Appeals of Arkansas
Division II
Opinion delivered December 26, 1991
[Rehearing denied January 29, 1992.]

*John I. Purtle, P.A.*, for appellant.

*Clark & Adkisson*, and *Michael L. Murphy*, by: *Michael L. Murphy*, for appellees.

MELVIN MAYFIELD, Judge. This is an appeal from an order dismissing a complaint which sought to prevent the annexation of territory to the City of Conway, Arkansas.

The record shows that on October 3, 1989, a petition was filed in the Faulkner County Court by "Earl Rogers and Guy Murphy, et al. through their attorneys, Clark & Adkisson" seeking the annexation of certain described land to the City of Conway. Although the petition does not so state, the parties to this appeal agree that the petition was brought under the authority of Ark. Code Ann. §§ 14-40-601 through 14-40-607 (1987).

After two amendments to the petition were filed, and after a *pro se* "petition for denial" was filed, the county court entered an order granting the petition for annexation. This order was entered on January 16, 1990. Thereafter, pursuant to Ark. Code Ann. § 14-40-604 (1987), a complaint was filed on February 12, 1990, in the Circuit Court of Faulkner County seeking to prevent the annexation as ordered by the county court.

Motions to dismiss the circuit court complaint were filed by

the City of Conway and by "Earl Rogers and Guy Murphy, et al." After a hearing held on August 31, 1990, the circuit judge granted the motions. The pertinent part of that order provides as follows:

> 4. That the defendants' motion to dismiss should be granted based upon the plaintiffs' lack of standing, inasmuch as none of them resides in the area to be annexed pursuant to the County Court order, and there was incomplete service, since neither Guy Murphy, Earl Rogers, nor their attorney, William C. Adkisson, was properly served with notice of this proceeding, as required by Ark. Code Ann. Section 14-40-601, et seq.

The parties bringing the petition to prevent the annexation are not named in the petition. The petition simply states:

> Come the Remonstrants and for their cause of action state:
>
> 1. That they are landowners, residents and citizens of Faulkner County, Arkansas and have an interest in preventing the annexation of certain lands to the City of Conway.

The complaint then makes 16 numbered allegations contesting the validity of the attempted annexation and concludes by praying that the annexation order entered by the county court be declared null and void. The complaint is signed only by an attorney as "Attorney for Remonstrants," but at the hearing in circuit court the judge named certain persons and indicated that he thought they were some of the parties bringing the petition. During a discussion between the attorneys and the judge an ownership map of the territory sought to be annexed was introduced into evidence, and eventually, the attorney who filed the complaint called Mr. Larry Nunn to testify. This is the person who signed the *pro se* "petition for denial" filed in the county court.

Mr. Nunn testified that he was a property owner in the City of Conway, that he owned a single family residence at 2001 Tyler in Conway, that he was one of the "named remonstrants in this case," and that he was opposed to the annexation. He was not cross-examined and no testimony was offered contrary to his

testimony.

The parties have made several arguments in the briefs filed in this court; however, we discuss only those which we find controlling in our disposition of this appeal. In the first place, we find that Larry Nunn, under the evidence in the record, was an "interested person" and authorized under the law to bring the complaint filed in circuit court seeking to prevent the annexation. In *Turner* v. *Wiederkehr Village*, 261 Ark. 72, 546 S.W.2d 717 (1977), the Arkansas Supreme Court considered the question of whether the appellant in that case was "any person interested" who had standing to contest the county court's order granting a petition for the creation of an incorporated town. The court said in construing that phrase "we held in an annexation case that it means a person who resides or owns property in the annexing city or in the area to be annexed." The case the court referred to was *City of Crossett* v. *Anthony*, 250 Ark. 660, 466 S.W.2d 481 (1971), and the language in that case, which was quoted in *Turner* and is pertinent in the present case, is:

> We hold, therefore, that "any person interested" as referred to in the statute, means any person who actually has some interest in the city or in the area to be annexed, and that at least some such interest must be shown on trial de novo in the circuit court in the face of a motion to dismiss for lack of interest.

250 Ark. at 665. *See* also *Palmer* v. *City of Conway*, 271 Ark. 127, 607 S.W.2d 87 (Ark. App. 1980).

One of the statutes under which the annexation in the present case was sought, Ark. Code Ann. § 14-40-604 (1987), provides that within a period of 30 days after entry of the county court order "any person interested" may institute a proceeding in circuit court to have the annexation prevented. Larry Nunn testified that he owned land in the city to which the land was to be annexed, he filed a *pro se* petition in county court opposing annexation, he said he was one of the "named remonstrants" in circuit court, and he testified in that court that he was opposed to the annexation. We think the circuit court erred in finding that there was no plaintiff in that court who had standing to contest the annexation.

■ This leaves the issue of service of notice by the parties seeking to prevent annexation. Ark. Code Ann. § 14-40-604 (1987) provides that when "any person interested" files a complaint in circuit court to have the annexation prevented "notices shall be given to the city or incorporated town authorities and the agent of the petitioners." In the case of *Proposed Annexation to the Town of Beaver* v. *Ratliff*, 282 Ark. 516, 669 S.W.2d 467 (1984), the court held that a complaint filed in circuit court under the provisions of Ark. Stat. Ann. § 19-303 (Repl. 1980), which is now Ark. Code Ann. § 14-40-604 (1987), is not an appeal but is an independent attack on the annexation and the notice required by the statute means service of process pursuant to Ark. R. Civ. P. 4.

■ In the instant case service of process was made upon the City of Conway. However, no such service was had on Earl Rogers or Guy Murphy or their attorney. We think the petition for annexation filed in county court clearly indicated that "Clark & Adkisson" was an agent for the petitioners, and we think Ark. Code Ann. § 14-40-601 requires that summons be served on them. We do not believe, however, that the failure to serve the petitioners' agent meant that the complaint to prevent annexation should have been dismissed.

Arkansas Rule of Civil Procedure 19(a) provides that a person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) disposition of the action in his absence would impair or impede his ability to protect his interest. Although the statute required notice to the petitioners and the city, Rule 19(b) provides that if a person described in 19(a) "cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." The Reporter's Notes to Rule 19 points out that the rule follows the federal rule and that the policy behind the federal rule "is to avoid dismissal of actions where possible, and when it is possible to join an absent party, dismissal is not proper as such party will be ordered to enter the action as a defendant or plaintiff."

■ Here, there is no question that the petitioners for

annexation could have been made a party. All that was necessary to make them a party was to serve a summons on their agent "Clark & Adkisson" who was also the petitioners' attorney, and whose address in Conway, Arkansas, was listed on the petition for annexation. In fact, the only real reason to make the petitioners a party is because the statute requires it. The petitioners and the city are really on the "same side." Both of them filed motions to dismiss the complaint which was filed to prevent the annexation and both of them joined in the brief filed in this court seeking to uphold the trial court's order which dismissed that complaint. We agree that Ark. Code Ann. § 14-40-601 requires service of summons on the agent of the petitioners, but we hold the trial court should have directed that the petitioners be made a party by service of summons on their agent rather than dismissing the complaint filed in circuit court.

We reverse and remand with directions that the trial court require that the petitioners be made party to this case and for further proceedings in keeping with this opinion.

CRACRAFT, C.J., and DANIELSON, J., agree.