Jack CAMPBELL *v.* CITY OF
CHEROKEE VILLAGE WEST, Arkansas

97-1093                                              969 S.W.2d 179

Supreme Court of Arkansas
Opinion delivered May 21, 1998

*Larry Dean Kissee*, for appellant.

*Tom Thompson*, for appellee.

DONALD L. CORBIN, Justice. Appellant Jack Campbell appeals the judgment of the Fulton County Circuit Court dismissing with prejudice his complaint for injunction against the incorporation of Appellee City of Cherokee Village West. Appellant argues that the trial court erred in finding that he did not have standing to file a complaint for injunctive relief as provided in Ark. Code Ann. § 14-38-106 (Repl. 1998). As this appeal involves our interpretation and construction of an act of the General Assembly, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(6). We find merit to Appellant's argument and reverse.

The pertinent facts of this case are not in dispute. In 1996, residents living in Cherokee Village petitioned the county courts of Fulton and Sharp Counties for the incorporation of a town named "Cherokee Village, Arkansas." As it stood at the time the petitions were signed, Cherokee Village contained lands situated in both Fulton and Sharp Counties. A public hearing was held in Fulton County, with the county judges and representatives of both counties present. After the hearing, the Sharp County judge denied incorporation of the town, while the Fulton County judge approved the incorporation of a town to be named Cherokee Vil-

lage West.[1] The order of incorporation was issued by the Fulton County judge on January 31, 1997.

On February 21, 1997, Appellant, a resident and qualified elector of Fulton County living within the incorporated boundary of Cherokee Village West, filed a complaint in the Fulton County Circuit Court to enjoin the incorporation of Cherokee Village West. The complaint alleged, among other things, that a majority of inhabitants of the newly incorporated town had not signed the petition for incorporation and that the limits of the incorporated town were unreasonably large and not sufficiently noted by legal description. Appellee filed a motion to dismiss the complaint for lack of standing, asserting that Appellant did not meet the qualifications of "any person interested," as provided in Ark. Code Ann. §§ 14-38-103 and -106 (Repl. 1998), because he had not filed a written objection to the petition for incorporation or personally appeared at the public hearing and verbally objected to the incorporation of Cherokee Village West.

During the hearing on the motion to dismiss, the parties stipulated that Appellant did not personally appear at the hearing on the petition for incorporation, and that he did not file a written objection thereto. The parties further stipulated that Appellant, in fact, signed the petition in favor of the incorporation of Cherokee Village. The trial court dismissed the complaint and ruled that because Appellant had failed to contest the petition for incorporation in the county court, either by appearing and orally protesting or by filing a written protest, he was not an interested person as provided in sections 14-38-103 and -106. The trial court ruled, however, that Appellant was a resident within the affected area of incorporation and was therefore an interested party as discussed in *City of Crossett v. Anthony*, 250 Ark. 660, 466 S.W.2d 481 (1971). Notwithstanding such interest, the trial court held that Appellant had no standing to pursue an appeal of the county court's decision in circuit court. This appeal followed.

---

[1] A motion was made during the hearing on the petition to amend the name of the incorporated town within Fulton County to "Cherokee Village West." In the order granting the petition for incorporation of the town, the county judge permitted the name to be so amended.

■ ■ The sole issue for our determination is whether a person must appear at the hearing on a petition for incorporation and contest the petition, as provided in section 14-38-103, in order to have standing to file a complaint for injunction in circuit court against such incorporation, as provided in section 14-38-106. Section 14-38-103 provides:

> (a)(1) Every incorporation hearing under this chapter shall be public and may be adjourned from time to time.
>
> (2) *Any person interested may appear and contest the granting of the prayer of the petition*, and affidavits in support of or against the petition, which may be prepared and submitted, shall be examined by the county court.
>
> (b)(1) The court may, in its discretion, permit the agent named in the original petition to amend or change it.
>
> (2) However, no amendment shall be permitted whereby territory not before embraced shall be added or the character of the proposed city or incorporated town changed from special to general, or from general to special, without appointing another time for a hearing and requiring new notice to be given as provided in 14-38-101. [Emphasis added.]

The use of the word "may," as opposed to "shall," in subsection (a)(2) indicates that the statute's provision is permissive or discretionary, rather than mandatory. *Hopper v. Garner*, 328 Ark. 516, 944 S.W.2d 540 (1997); *Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990). Use of the word "may" will be construed as "shall" only when the context of the statute requires such construction, as where the act that "may" be performed is the essence of the thing authorized by the statute. *McElroy v. Grisham*, 306 Ark. 4, 810 S.W.2d 933 (1991) (citing *Taggart & Taggart Seed Co., Inc. v. City of Augusta*, 278 Ark. 570, 647 S.W.2d 458 (1983)). Here, the essence of the thing authorized by section 14-38-103 is not the contest of the petition by any person interested; rather, the essence of that section is the establishment of specific procedures for public hearings on petitions for incorporation. Thus, it may be inferred that the General Assembly deliberately used "may" in section 14-38-103(a)(2) to designate that any interested persons *could* appear at the hearing and contest the petition for incorporation. *See Hopper*, 328 Ark. 516, 944 S.W.2d 540.

Section 14-38-106 provides:

(a) One (1) month shall elapse from the time the transcripts are forwarded and delivered before notice shall be given of an election of officers in the city or incorporated town.

(b) At any time within the one (1) month, *any person interested may make complaint in writing, in the nature of an application for an injunction to the circuit court*, or the judge in vacation, having given at least five (5) days' notice thereof. He shall furnish a copy of the complaint to the agent of the petitioners for the purpose of having the organization of the proposed city or incorporated town prevented. [Emphasis added.]

The trial court construed this section as providing a method of appeal from the county court's order granting incorporation. We do not agree with that construction.

■ ■ Ordinarily, in order to appeal from a ruling by a county court, one must have been a party to the proceedings in the county court who was aggrieved by the court's ruling. *See Hall v. Rutherford*, 89 Ark. 553, 117 S.W. 548 (1909); *Turner v. Williamson*, 77 Ark. 586, 92 S.W. 867 (1906); *Whissen v. Furth*, 73 Ark. 366, 84 S.W. 500 (1904). Arkansas Code Annotated § 16-67-201(a) (1987) provides a right of appeal to circuit court from all judgments and final orders of the county court at any time within six months after the rendition thereof "by the party aggrieved filing an affidavit and prayer for an appeal with the clerk of the court in which the appeal is taken."[2] *See also* Ark. Const. art. 7, § 33. Here, we are not presented with a situation involving an *appeal* from the county court. Instead, we conclude that the right of action provided in section 14-38-106 is a separate and independent action taken by filing a complaint in circuit court after incorporation has been approved by the county court, but before notice has been given of an election of officers for the incorporated town. Our reading of this section is consistent with the holding in *Pike v. City of Stuttgart*, 200 Ark. 1010, 142 S.W.2d 233 (1940).

---

[2] Final orders and judgments relating to bond issues must be appealed within thirty days.

In *Pike*, the city of Stuttgart initiated annexation proceedings that were opposed by the appellants. In an effort to determine the timeliness of the appellants' appeal to circuit court, this court distinguished the right of appeal of the order of a county court to circuit court, from the right of action provided in § 9501 of *Pope's Digest*, which permitted a complaint to be filed challenging an annexation order entered by the county court. Section 9501 provided in part:

> If a majority of the votes cast on that question shall be in favor of annexation, the said corporation shall present to the county court a petition praying for such annexation. The like proceeding shall be had on said petition as is prescribed in §§ 9786–9788, so far as the same may be applicable, *and if, within thirty days after a transcript shall be delivered as provided, no notice of complaint against such annexation shall be given at the end of said thirty days* . . . the territory shall, in law, be deemed and taken to be included in and shall be a part of said corporation[.]   [Emphasis added.]

In construing that section, this court held that the statutory provisions pertaining to the annexation of territory by agents of an existing municipal corporation "were intended to afford a right of action to parties claiming to be affected, *but such action is an independent proceeding, as distinguished from appeal.*" *Id.* at 1011–12, 142 S.W.2d at 234 (emphasis added). This holding is consistent with the contemporary decisions of this court concerning the definition of "any person interested," as used in sections 14-38-103 and -106 and the corresponding annexation provision, currently codified as Ark. Code Ann. § 14-40-604 (Repl. 1998).

In *City of Crossett*, 250 Ark. 660, 466 S.W.2d 481, the electors of the city voted in favor of annexing two surrounding areas north and south of the city. The appellees filed a response opposing the petition for annexation in the county court. The county court denied the petition, and the city appealed. On appeal in the circuit court, the appellees again contested the annexation. The circuit court also denied the city's petition for annexation. The city then appealed to this court, arguing in part that the circuit court had erred in denying its motion to dismiss the appellees' remonstration on the ground that they lacked standing to contest the annexation of that area of land south of Crossett. This court

agreed with the city and held that the appellees were not entitled to contest the petition for annexation of the land south of Crossett because they failed to show that they were interested persons under Ark. Stat. Ann. § 19-102 (Repl. 1968), which provided in part that "any person interested may appear and contest the granting the prayer[.]" The same language is currently found in section 14-38-103. This court wrote:

> We hold, therefore, that "any person interested" as referred to in the statute, *means any person who actually has some interest in the city or in the area to be annexed,* and that at least some such interest must be shown on trial de novo in the circuit court in the face of a motion to dismiss for lack of interest.

*Id.* at 665, 466 S.W.2d at 485 (emphasis added).

Similarly, in *Turner v. Wiederkehr Village,* 261 Ark. 72, 546 S.W.2d 717 (1977), the appellant Turner challenged the incorporation of the village in circuit court. The circuit court granted the village's motion to dismiss Turner's challenge on the ground that he was not an interested person and thus had no standing to challenge the incorporation. Unlike the appellees in *City of Crossett,* Turner had not been a party to the proceeding on the petition for incorporation in the county court. Notwithstanding such distinction, this court's determination that Turner was not a person interested turned not on the fact that he was not a party to the county court proceedings, but, rather, on the fact that he did not own property in the village, nor did he live in the village. Ratifying the holding in *City of Crossett,* this court stated that "[t]he legislature, in the interest of orderly and prompt procedure, unquestionably had the authority to restrict the right of protest to persons having a direct interest in the matter." *Id.* at 73-74, 546 S.W.2d at 719.

Appellee relies on this court's holdings in *Barnwell v. Gravette,* 87 Ark. 430, 112 S.W. 973 (1908), and *Skinner v. City of El Dorado,* 248 Ark. 916, 454 S.W.2d 656 (1970), in support of its argument that Appellant lacked standing to file a complaint in circuit court challenging the incorporation because he failed to protest the petition for incorporation in county court. At first glance, Appellee's reliance on those holdings seems meritorious. Upon

closer examination of the facts of those cases, however, we conclude that their holdings are not controlling here, as both cases involved appeals from the county court rulings, as opposed to the independent action of filing a complaint against incorporation in circuit court, as provided in section 14-38-106.

In *Barnwell*, 87 Ark. 430, 112 S.W. 973, the appellants, three remonstrants who had filed a petition against annexation in the county court, filed an appeal of the county court's ruling in the circuit court. They also filed a complaint against the annexation in circuit court. This court did not, however, address the propriety of the complaint against annexation. The only issue before the *Barnwell* court was "whether the filing of the protest [in county court] was such a joining of the parties *as to entitle them to appeal* from the judgment annexing the designated territory[.]" *Id.* at 432-33, 112 S.W. at 973 (emphasis added). Consequently, the ultimate holding in that case, that one must have become a party to the proceedings in county court in order to appeal the county court's ruling, is not determinative of the issue presented in this case. Moreover, to the extent that the *Barnwell* court may have construed § 5519 of *Kirby's Digest*, which is identical in substance to § 9501 of *Pope's Digest* reproduced herein, as providing only a method of direct appeal of the county court's order of annexation, such construction was implicitly overruled by the subsequent holding in *Pike*, 200 Ark. 1010, 142 S.W.2d 233.

In *Skinner*, 248 Ark. 916, 454 S.W.2d 656, the issue presented was whether the three individual appellees had standing to appeal to circuit court from the order of the county court granting annexation. As with the holding in *Barnwell*, the *Skinner* court held that because the appellees had appeared in the county court and orally protested the annexation, they had standing to appeal the order granting annexation. An examination of the facts in *Skinner* reveals that the appellees filed an affidavit for appeal from the order granting annexation, as is required for appeals from county court. *See* section 16-67-201(a). There is no indication that they also filed a complaint in circuit court. Thus, the holding in *Skinner* is limited to the issue of standing to pursue an appeal of a county court order in circuit court. This limited application is further evident by the fact that the *Skinner* court specifically declined to rule on the issue of whether the applicable period of time for pursuing the action in circuit court was thirty days, as

provided in Ark. Stat. Ann. § 19-307 (Repl. 1968), which is substantially identical to § 9501 of *Pope's Digest*, as opposed to a period of six months for appeals from county court. Additionally, the concurring opinion in *Skinner* illustrates what this court had previously clarified in *Pike*, that there are two distinct procedures for attacking county court orders annexing territory to a municipality — (1) appealing the county court's decision to circuit court, and (2) filing a complaint against annexation in circuit court. The same may be said for the different methods of challenging the incorporation of a city.

█ █ We conclude that the foregoing cases may be read harmoniously in support of our conclusion that the legislature has not imposed the requirement that a citizen first appear in county court and contest a petition for incorporation in order to have standing to file a complaint against such incorporation in circuit court, as provided in section 14-38-106. Rather, that section requires only that a person filing a complaint against incorporation be a "person interested." There is no requirement that he or she have been a party or a protestant to the proceedings in the county court. Recent case law has defined "any person interested" in terms of whether the person is directly affected by the incorporation or annexation, such that the person owns property or a business within the territory to be incorporated or annexed or, in the case of annexation, within the municipality to which the territory is to be annexed. We believe this is the appropriate test for determining a person's interest under section 14-38-106.

█ Here, there is no dispute that Appellant is such a "person interested." In fact, the trial court specifically found that Appellant was an interested person within the definition of that term set out in *City of Crossett*, 250 Ark. 660, 466 S.W.2d 481, as he was a resident of the area to be incorporated. Appellant thus has standing to bring a complaint against the incorporation of Cherokee Village West and is entitled to a hearing on the complaint as provided in Ark. Code Ann. § 14-38-107 (Repl. 1998). Accordingly, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.