The Honorable David Malone State Senator P.O. Box 1048 Fayetteville, Arkansas 72702-1048
Dear Senator Malone:
This is in response to your request for an opinion on the following question:
 Under the provisions of Act 1326 of 1999, which authority determines whether there will be nine (9) members of the Equalization Board?
It is my opinion, although the relevant statutes do not speak to this question directly, and could benefit from legislative clarification, that the county quorum court is the entity responsible for making this determination.
Act 1326 of 1999, which became law on April 12, 1999, made several revisions in the composition of the county boards of equalization and the qualifications of the members thereof. A part of this new act amends A.C.A. 26-27-303 to provide as follows:
 The county equalization board of each county shall consist of five (5) members. However, in counties having a population in excess of seventy-nine thousand (79,000), according to the most recent federal decennial census, the board may consist of nine (9) members. [Emphasis added.]
The greatest change made by Act 1326 of 1999 was to increase the number of members in most counties from three to five. See, e.g., Op. Att'y Gen. 99-111. Act 1326 simply repeated the second-sentence language above, concerning nine-member boards, from legislation enacted in 1995.See Acts 1995, No. 891, Section 1. The language that gives rise to your question, therefore, was adopted in 1995, rather than recently in 1999.
Prior to the 1995 amendment, nine member boards were mandatory for counties with populations in excess of 79,000 according to the 1970 Federal Decennial Census. The 1995 amendment, by Act 891, changed the word "shall" to "may," and changed the words "1970 Federal Decennial Census" to the "most recent federal decennial census." See A.C.A. §26-27-303, Publishers Note, "Amendments." See also Op. Att'y Gen.96-165. Ordinarily, when the word "may" is employed in a statute, is it intended as directory, or permissive, rather than mandatory. Gregory v.Colvin, 235 Ark. 1007, 363 S.W.2d 539 (1963). See also McMaster v.McIlroy Bank, Trustee, 9 Ark. App. 124, 654 S.W.2d 591 (1983) and Dunnv. Dunn, 222 Ark. 85, 257 S.W.2d 283 (1953). Beginning in 1995, therefore, nine-member boards of equalization in counties with populations over 79,000 are discretionary rather than mandatory. See Op. Att'y Gen. 96-165. The question you pose is which entity in the county has the authority to make this discretionary determination of whether the county board of equalization will be composed of nine members. The relevant statutory scheme does not speak directly to this question. The statute provides only that in counties with the requisite population, the board "may" consist of nine members.
There is scant evidence of legislation intent on the question you pose. A definitive answer to the question would thus require legislative clarification. Nonetheless, absent any contrary expression by the General Assembly, it is my opinion that the power to make this determination resides in the respective county quorum courts.
The legislature, through the passage of Act 891 of 1995, has expressed an intention that counties with populations over 79,000 may or may not have nine-member equalization boards. Presumably, this discretionary decision is left to local determination. No state entity was expressly invested with the decision-making power.
Which local entity did the legislature have in mind? There are several possibilities. One would be the existing equalization board itself, which would presumably take a vote of its existing membership on the question of expansion or retraction. The local boards are not general reservoirs of legislative power, however, and exercise only such powers as delegated by statute, under the general supervision of the Assessment Coordination Department. See generally, A.C.A. § 26-27-301(b) and A.C.A. § 26-24-105. No statute authorizes the county equalization boards to determine the number of its membership.
A second possibility is the entities with authority to appoint the county board of equalization. Currently, this power is divided between the school districts of the county, the cities and towns within the county, the county judge, and the county quorum court. See Acts 1999, No. 1326, Section 3. The amalgam of these officials, however, does not constitute a policy-making body, or possess any legislative power under current law. Their sole function in this instance is to select the members of the county boards of equalization.
A third possibility is the county quorum court. A quorum court possesses all local legislative authority not denied by the Constitution or by law. Arkansas Constitution, Amendment 55, Sec. 1(a). See also A.C.A. §14-14-801. It has the power to "fix the number and compensation of deputies and county employees." See Arkansas Constitution, Amendment 55, 4. See also A.C.A. § 14-14-801(b)(6). It is not entirely clear, however, whether the members of the county boards of equalization are "deputies or county employees" within the contemplation of these provisions. In addition, the county quorum courts do not appear to be invested with any particularized substantive power over the county boards of equalization. It is my opinion, nonetheless, that the number of members on the boards of equalization would in all likelihood be deemed a "local matter" to which the legislative power of the quorum court attaches, as long as exercised consistently with state law. See generally, Venhaus v. State exrel. Lofton, 285 Ark. 23, 684 S.W.2d 252 (1985).
Failing any specific guidance from the General Assembly as to what entity is responsible for determining the number of members of such boards, therefore, it is my opinion that a court faced with the question would hold the quorum court competent to make the determination of whether to have a nine or five-member county board of equalization. Again, however, state law does not specifically address the issue, and the statute could benefit from legislative clarification.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh