The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, Arkansas 72936-0280
Senator Walters:
This is in response to your request for an opinion on the following question:
 Is there some point at which a Fireman's Pension fund for a city of the first class can no longer be managed locally? In other words, if the number of actively employed individuals covered by the plan falls below a certain level, then does the pension plan have to be managed by or converted to the LOPFI program (A.C.A. §§ 24-10-101 et seq.)? If there is some minimum number of active employees required, then at what point must the existing Fireman's Pension plan be converted to the LOPFI program? Also, does the requisite number of active employees on the local pension board play a factor in this issue, and if so, how?
RESPONSE
There is a procedure for the administration of certain small firemen's pension funds by the "Local Police and Fire Retirement System" or "LOPFI," but in my opinion the conversion of such plans is optional with the affected city. The law in this regard does not mandate conversion even if the number of active members falls below the prescribed level. In my opinion, additionally, the number of active members available to serve on the local pension board does not impact the issue.
The relevant statute is A.C.A. § 24-11-804, as amended in pertinent part by Act 927 of 1985. This statute provides in pertinent part as follows:
 (a) In those local fire pension and relief funds which cover less than four (4) active members, a local board of trustees may no longer exist, and the pension fund may be designated as inactive by the employer.
 (b) Administrative responsibility for the fund shall be assigned to the Arkansas Local Police and Fire Retirement System, as allowed by 24-10-301 and 24-10-302. . . . [Emphasis added].[1]
It is clear, in my opinion, that the decision to have a small local pension fund administered by LOPFI lies within the discretion of the employer. The Arkansas Supreme Court has held that the word "may" is usually employed as implying permissive or discretional, rather than mandatory, action or conduct. See e.g., Ouachita Trek Development Co.v. Rowe, 341 Ark. ___, ___ S.W.2d ___ (June 1, 2000); Campbell v. City ofCherokee Village West, 333 Ark. 310, 969 S.W.2d 179 (1998); Wolford v.St. Paul Fire Marine Ins. Co., 331 Ark. 426, 961 S.W.2d 743 (1998);Hooper v. Garner, 328 Ark. 516, 944 S.W.2d 540 (1997); Ark. Elec. Coop.Corp. v. Ark. Pub. Serv. Comm'n., 307 Ark. 171, 818 S.W.2d 935 (1991);Chrisco v. Sun Industries, Inc., 304 Ark. 227, 800 S.W.2d 717 (1990);Blaylock v. Strecker, 291 Ark. 340, 724 S.W.2d 470 (1987); McMaster v.McIlroy Bank, Trustee, 9 Ark. App. 124, 654 S.W.2d 591 (1983); Gregoryv. Colvin, 235 Ark. 1007, 363 S.W.2d 539 (1963); Loftis v. Edwards,235 Ark. 30, 356 S.W.2d 742 (1962); Dunn v. Dunn, 222 Ark. 85,257 S.W.2d 283
(1953); Fort Smith Gas v. Kincannon, 202 Ark. 216, 150 S.W.2d 968
(1941); and Bush v. Martineau, 174 Ark. 214, 295 S.W. 9 (1927). The word "may" is construed in a permissive sense unless the context of the statute requires that it be construed as mandatory. Campbell v. City ofCherokee Village West, supra; Ark. State Racing Comm. v. Southland RacingCorp., 226 Ark. 995, 295 S.W.2d 617 (1956).
I can find no indication from the context of A.C.A. § 24-11-804 that its provisions were intended to be mandatory. Thus, even if the number of active members of a local fire pension fund drops below four, the decision of whether to have the local fund administered by LOPFI is within the discretion of the city.
In my opinion additionally, the "requisite number of active employees on the local pension board" will not affect the issue. In this regard, A.C.A. § 24-11-801 provides in pertinent part that:
 (f) The number of active members or retired members to serve on the board shall be determined by the proportionate number of active members to retired members:
 (1) When the number of active members equals seventy-five percent (75%) of the total of retired members and active members, the board shall be comprised of three (3) active members and one (1) retired member.
 (2) When the number of active members equals fifty percent (50%) of the total of retired members and active members, the board shall be comprised of two (2) active members and two (2) retired members.
 (3) When the number of retired members equals seventy-five percent (75%) of the total of retired members and active members, the board shall be comprised of one (1) active member and three (3) retired members.
 (4) However, when no retirant is available to serve on the board, all four (4) employee positions shall be held by active members of the pension fund and shall all be elected for two-year terms as provided in subsection (e) of this section. However, when no active member is available to serve on the board, all four (4) positions shall be held by retired members of the pension fund and shall all be elected for two-year terms as provided in subsection (e) of this section.
 (g) The board shall have the power to make all rules and regulations needful for its guidance to implement the provisions regarding board composition.
As can be seen from the statute above, the law provides for proportionate representation on the board as between active and retired members. Even if there are no active members available to serve on the board, a local board may exist and retired members may hold the relevant board positions. In my opinion, therefore, the number of active members available to serve on the local board does not impact or control a city's discretion to have the fund administered by LOPFI under the provisions of A.C.A. § 24-11-804.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] The balance of the statute details the procedure for the conversion and certain rights of members and retirants.