Lowell CHRISCO *v.* SUN INDUSTRIES, INC.

90-51                                                   800 S.W.2d 717

Supreme Court of Arkansas
Opinion delivered December 21, 1990

*Matthews, Sanders, Liles & Sayes*, by: *Gail O. Matthews*, for appellant.

*Goodwin, Hamilton, Moore & Colbert*, by: *Ray A. Goodwin*, for appellee.

STEELE HAYS, Justice. The sole issue on appeal is whether the trial court abused its discretion in awarding an attorney's fee, under Ark. Code Ann. § 16-22-308 (Supp. 1989), of only $25,000.00 in a civil action involving breach of contract.

On October 4, 1985, the appellant, Lowell Chrisco, executed a sales agency agreement with the appellee, Sun Industries, Inc. (Sun). On January 14, 1988, Sun notified Chrisco that it was cancelling the agreement.

Chrisco filed suit on April 4, 1988, in the Circuit Court of Craighead County alleging that the termination was without proper cause and seeking past and future compensation and attorney's fees. Sun initially denied liability, but on November 10, 1988, it deposited $293,284.64 into the court registry as the amount of Chrisco's lost commissions as of that date and offered to reinstate Chrisco.

A jury was impaneled on December 19, 1988, and, after opening statements, the case was partially settled: Sun agreed to pay Chrisco $625,000.00 and only the matter of attorney's fees remained to be decided by the court.

After the jury was discharged, the trial court accepted oral statements from Chrisco's counsel on their fee arrangements, hours, and expenses. The trial court then announced from the bench that it would award a fee of $25,000.00. No judgment was entered incorporating this award, and Chrisco filed a motion for the trial court to reconsider its award. A hearing was held on October 17, 1989, and the trial court denied Chrisco's motion and

subsequently entered a judgment awarding a fee of $25,000.00 on November 15, 1989.

Chrisco appeals and asserts that the trial court abused its discretion in awarding an attorney's fee of only $25,000.00.

Our general rule relating to attorney's fees is well established and is that attorney's fees are not allowed except when expressly provided for by statute. *Damron* v. *University Estates, Phase II, Inc.*, 295 Ark. 533, 750 S.W.2d 402 (1988).

Section 16-22-308 addresses attorney's fees in certain civil actions and provides in pertinent part as follows:

> In any civil action to recover on . . . breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party *may* be allowed a reasonable attorney fee to be assessed by the court and collected as costs.

(Emphasis added.)

The word "may" is usually employed as implying permissive or discretional, rather than mandatory, action or conduct and is construed in a permissive sense unless necessary to give effect to an intent to which it is used. *Dunn* v. *Dunn*, 222 Ark. 85, 257 S.W.2d 283 (1953). We find, within the context in which the word "may" is employed in this case, that section 16-22-308 is permissive and discretional with the trial court.

Additionally, although there is no fixed formula in determining the computation of attorney's fees, the courts should be guided by recognized factors in making their decision, including the experience and ability of the attorney, the time and labor required to perform the legal service properly, the amount involved in the case and the results obtained, the novelty and difficulty of the issues involved, the fee customarily charged in the locality for similar legal services, whether the fee is fixed or contingent, the time limitations imposed upon the client or by the circumstances, and the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer. *State Farm Fire & Casualty Co.* v. *Stockton*, 295 Ark. 560, 750 S.W.2d 945 (1988); *Southall* v. *Farm Bureau Mut. Ins. Co. of Arkansas, Inc.*, 283 Ark. 335, 676

S.W.2d 228 (1984); *New Hampshire Ins. Co.* v. *Quilantan,* 269 Ark. 359, 601 S.W.2d 836 (1980).

We have also previously noted that due to the trial judge's intimate acquaintance with the record and the quality of service rendered, we usually recognize the superior perspective of the trial judge in assessing the applicable factors. Accordingly, an award of attorney's fees will not be set aside absent an abuse of discretion by the trial court. *State Farm Fire & Casualty Co.* v. *Stockton, supra.*

In this case, the underlying breach of contract issue was relatively simple in nature, and Sun ultimately admitted liability before the trial began; the case was settled after opening statements; the settlement included matters not before the trial court; Chrisco's lead attorney, Mr. Gail Matthews, stated that he had spent 200 to 300 hours on the case and his hourly rate was $90.00; Chrisco had a one-third contingency contract with Mr. Matthews, who received $208,333.33 of the settlement as attorney's fees; Mr. Matthews stated that any court award would go to Chrisco as augmentation of his recovery; Mr. Matthews's association of counsel, whose fee of $37,581.80 was paid from Matthews's contractual arrangement with Chrisco, was an independent decision; and defense counsel stated that his hourly rate was $100.00 per hour, and his fee would not be in excess of $30,000.00.

Appellant argues with considerable force that the trial judge conceded that his original fee allowance was inadequate, but that because appellee had relied on it it would be wrong to change the award. Certainly his remarks can be so construed, but we also note that he professed to remember the case quite well and felt "fairly comfortable" with the amount of the fee at the time it was set.

In spite of his equivocal remarks, we are persuaded the trial court considered the pertinent facts in arriving at its award of $25,000. Notwithstanding the reservations later expressed, we find under the circumstances the trial court did not abuse its discretion in fixing the award.

Affirmed.