SECURITY PACIFIC HOUSING SERVICES,
INCORPORATED *v.* Johnny FRIDDLE and Gwen Friddle

93-180                                    866 S.W.2d 375

Supreme Court of Arkansas
Opinion delivered November 22, 1993
[Rehearing denied January 10, 1994]

*Fred E. Bosshart*, for appellant.

*Donald C. Tippett*, for appellee.

DONALD L. CORBIN, Justice. Appellant, Security Pacific Housing Services, Incorporated, appeals a judgment of the Crawford Circuit Court awarding appellees, Johnny and Gwen Friddle, $16,000.00 in compensatory damages, $12,000.00 in punitive damages, and $3,000.00 in attorney's fees. Appellant asserts six points for reversal. Only the point relating to the award of attorney's fees has merit, therefore we affirm the part of the judgment entered pursuant to the jury's award of compensatory and

punitive damages and reverse the part of the judgment awarding the attorney's fee.

This case began with appellant's complaint for replevin of a mobile home appellees purchased from a third party who assigned the contract to appellant. Appellees did not file a timely answer. However, the trial court granted their motion to extend the time to file an answer. Ultimately, appellees filed an answer and counterclaim for breach of contract and conversion. Immediately, prior to trial, appellant voluntarily dismissed with prejudice its claim for replevin; however, appellees' counterclaim for breach of contract and conversion proceeded to jury trial. Without objection and despite the dismissal of the claim for replevin, appellant was permitted to assert a right to set-off relating to the debt remaining on the mobile home. The judgment was entered pursuant to the jury's verdict on appellees' counterclaim.

### I. MOTION TO EXTEND TIME TO ANSWER

Appellant claims the trial court abused its discretion in granting appellees' motion to extend time to answer because appellees failed to meet their burden of proving excusable neglect or other just cause. Appellant claims the trial court's ruling was based on conjecture and speculation and that even if they had presented evidence to support their allegations, such evidence would not have risen to the level of excusable neglect or other just cause for extending the time within which to answer. Appellant further claims that if we are persuaded by its argument and conclude the trial court erred in extending the time within which appellees could answer, we must reverse the judgment awarded on appellees' counterclaim because the timeliness of their counterclaim is linked with the untimeliness of their answer.

We do not address the merits of this argument as appellant waived it when it voluntarily dismissed its complaint with prejudice. Immediately prior to trial, appellant voluntarily moved to dismiss its complaint with prejudice. We observe that appellant specifically requested the dismissal to be with prejudice. Appellees agreed to the dismissal with prejudice and stated the counterclaim was still pending. The trial court then granted the dismissal with prejudice. The judgment states that appellant's complaint was dismissed with prejudice.

It is a well-settled rule of law that a dismissal with prejudice is as conclusive of the rights of the parties as if there were an adverse judgment as to the plaintiff after a trial. *Hicks v. Allstate Ins. Co.*, 304 Ark. 101, 799 S.W.2d 809 (1990). It is also a well-settled rule of law that a voluntary dismissal does not affect, but leaves for adjudication other claims such as counterclaims and cross-claims. *Lemon v. Laws*, 305 Ark. 143, 806 S.W.2d 1 (1991); *Zurich General Accident & Liability Ins. Co. v. Smith*, 209 Ark. 135, 189 S.W.2d 718 (1945). Thus, it is of no consequence whether the answer and counterclaim were filed timely as it is clear that appellant's dismissal of the complaint with prejudice constituted a final adjudication on the merits at its own request. Any errors occurring prior to the dismissal with prejudice were therefore resolved against appellant at its own request. It is fundamental that, pursuant to the doctrine of invited error, an appellant cannot request a ruling by a trial court and then complain of that ruling on appeal. *See Schmidt v. McIlroy Bank & Trust*, 306 Ark. 28, 811 S.W.2d 281 (1991).

By requesting and receiving a dismissal of its claim with prejudice, appellant waived any rights to assert errors relating to that claim. To allow appellant first to voluntarily dismiss its complaint with prejudice and then to appeal asserting points of error relating to issues involved in the complaint (other than any issues concerning the dismissal itself, such as whether the dismissal was with or without prejudice) would be to allow an antinomy. It would give absolutely no effect to the words "dismissal with prejudice."

## II. DIRECTED VERDICT — CONVERSION

In its brief, appellant contends the trial court erred in denying its motion for directed verdict based on insufficient evidence that it converted appellees' mobile home. The thrust of appellant's argument is that appellant's repossession of appellees' mobile home was not a conversion because appellees were in default and there was no breach of peace. Appellant relies heavily on *Ford Motor Credit Co. v Herring*, 267 Ark. 201, 589 S.W.2d 584 (1979).

At the close of all evidence, appellant moved for a directed verdict stating that there was insufficient evidence by the counterclaimants and that "if there's been a wrongful con-

version because of default, we have sufficient evidence to prove a default." ARCP Rule 50(a) mandates that a motion for directed verdict state the specific grounds therefor. Failure of a motion for directed verdict to comply with Rule 50's requirement that the specific grounds relied on be stated is a sufficient basis for denial of the motion and for affirmance on appeal. *Svestka* v. *First Nat'l Bank in Stuttgart*, 269 Ark. 237, 602 S.W.2d 604 (1980). The requirement that the directed verdict motion state the specific grounds therefor is especially necessary when a case involves multiple issues, as does the instant case. *Svestka*, 269 Ark. 237, 602 S.W.2d 604.

■ Appellees' counterclaim included claims for breach of contract and conversion. Appellant cites us to no authority, nor are we aware of any, standing for the proposition that appellees must prove their lack of default as an element of either of the two asserted claims. Obviously, appellant is confused as to who bore the burden of proving the default in this case. Clearly, appellees were not required to prove they were not in default as an element of their claim for conversion. It was appellant's burden to prove the default as an element of the "defense" to rightful possession of the mobile home.

■■ By interrogatory, the jury specifically found that appellees were not in default. Appellee Johnny Friddle's testimony was somewhat confusing and the parties therefore stipulated as to the issues to be developed through his testimony. Accordingly, upon agreement by both counsel and without objection, the trial court informed the jury that Friddle's testimony was that he was not in default and that he did not make any payments on the second forced placed insurance because he did not know nor did appellant ever inform him what the additional payments were for. The trial court also told the jury that through Friddle's testimony, appellant would show that appellees had not made five payments in default on the second forced placed insurance policy. In support of its argument that appellees were in default, appellant complains of the stipulation of Johnny Friddle's testimony to which it not only failed to object but expressly agreed. We have stated time and time again that objections below are required to preserve arguments for appellate review. *Reynolds* v. *Shelter Mut. Ins. Co.*, 313 Ark. 145, 852 S.W.2d 799 (1993). The stipulated testimony is substantial evidence to sup-

port the jury's verdict and finding that appellees were not in default. Because appellant agreed to the stipulation of Johnny Friddle's testimony, appellant simply cannot complain of this now on appeal.

### III. JUDGMENT N.O.V.

Appellant contends the trial court erred in denying its motion for judgment notwithstanding the verdict based on insufficient evidence and the passion and prejudice of the jury. Within this argument, appellant raises an additional basis on which the trial court should have granted its motion for judgment N.O.V. — the confusion of the jury as to the evidence presented and as to questions of law.

We observe that a motion for a directed verdict is a condition precedent to moving for a judgment notwithstanding the verdict. ARCP Rule 50(b); *Willson Safety Prod.* v. *Eschenbrenner*, 302 Ark. 228, 788 S.W.2d 729 (1990). Since a motion for judgment notwithstanding the verdict is technically only a renewal of the motion for a directed verdict made at the close of evidence, it cannot assert a ground not included in the motion for directed verdict. *See Dodson Creek, Inc.* v. *Fred Walton Realty Co.*, 2 Ark. App. 128, 620 S.W.2d 947 (1981) (citing Wright & Miller, *Federal Practice & Procedure*, Civil § 2537).

The record reveals that the only grounds upon which appellant moved for a judgment N.O.V. was on insufficient evidence. As the arguments concerning the jury's confusion and passion and prejudice were not included in the motion for directed verdict and are raised for the first time on appeal, we do not address them in accordance with the foregoing authorities. As for the argument based on insufficient evidence, we have already determined there was substantial evidence to support the verdict. Thus, the trial court did not err in denying the request for a judgment notwithstanding the verdict.

### IV. INSTRUCTION AS TO COMPENSATORY DAMAGES

Appellant challenges the instruction on compensatory damages as erroneous because it did not instruct the jury to deduct from the value of the mobile home immediately prior to the conversion, the balance owed appellant on the purchase contract. We do not reach the merits of this argument because it is

raised for the first time on appeal. The record does not reveal that appellant objected to the instruction below. ARCP Rule 51 clearly requires that an objection to an erroneous instruction be made before or at the time the instruction is given. *Acme Brick* v. *Missouri Pac. R.R.*, 307 Ark. 363, 821 S.W.2d 7 (1991).

## V. INSTRUCTION AS TO PUNITIVE DAMAGES

Appellant contends the instruction on punitive damages was erroneous because it included the alternative paragraph of the model instruction to be used in a negligence case. As this was an intentional tort claim for conversion, appellant contends the instruction as to punitive damages in negligence cases was prejudicial error.

We do not reach the merits of this claim, because it is argued for the first time on appeal. ARCP Rule 51 clearly provides that an objection to an erroneous instruction is required before or at the time the instruction is given. *Acme Brick*, 307 Ark. 363, 821 S.W.2d 7. Moreover, we do not have a plain error rule. *Lynch* v. *Blagg*, 312 Ark. 80, 847 S.W.2d 32 (1993); *Dotson* v. *Madison County*, 311 Ark. 395, 844 S.W.2d 371 (1993).

## VI. ATTORNEY'S FEE

In the instant case, the trial court awarded appellees an attorney's fee of $3,000.00. Appellant claims the attorney's fee cannot be justified pursuant to Ark. Code Ann. § 16-22-308 (Supp. 1993) because appellees prevailed on their claim in tort for conversion, not on their claim for breach of contract. We find merit to this argument. The recent case of *Mercedes-Benz Credit Corp.* v. *Morgan*, 312 Ark. 225, 850 S.W.2d 297 (1993) is controlling on this issue.

The general rule in Arkansas is well-settled that attorney's fees are not awarded unless expressly provided for by statute or rule. *Chrisco* v. *Sun Indus.*, 304 Ark. 227, 800 S.W.2d 717 (1990). *See e.g.*, ARCP Rules 11 and 30. While section 16-22-308 allows for the award of attorney's fees in certain civil actions, including actions for breach of contract, the decision whether to award a fee in such cases is a decision within the trial court's discretion. *Id.* In determining the amount of a fee, the trial court should be guided by recognized factors such as those stated in *Chrisco*. Due to the trial court's intimate acquaintance

with the record and the quality of service rendered, we usually defer to the trial court's superior perspective in awarding attorney's fees and reverse an award only when there is an abuse of discretion. *Id.*

Before engaging in an analysis of the factors summarized in *Chrisco* however, there must first be a statute authorizing an award of attorney's fees. While appellees included a claim for breach of contract in their counterclaim, and while section 16-22-308 allows for attorney's fees in breach of contract cases, that statute does not allow attorney's fees in tort actions. *See Stein* v. *Lukas*, 308 Ark. 74, 823 S.W.2d 832 (1992). We have recently held in a wrongful repossession case that when the prevailing party's claim is based in tort, an award of attorney's fees cannot be justified under section 16-22-308. *Mercedes-Benz Credit Corp.*, 312 Ark. 225, 850 S.W.2d 297.

Consistent with our finding in *Mercedes-Benz Credit Corp.*, we conclude appellees' recovery was based primarily in the tort of conversion. We make this finding with full awareness that appellees' counterclaim included a claim for breach of contract. Merely alleging a claim for breach of contract does not mean the jury awarded damages on that basis. The evidence presented focused on the wrongful repossession and the tort of conversion. The relatively large award of punitive damages indicates the jury awarded its verdict based on the tort claim.

The attorney's fee must be reversed for lack of a statute authorizing such an award. The judgment is reversed and remanded to the trial court as to that effect. Finding no other errors, the remainder of the judgment is affirmed. *See Mercedes-Benz Credit Corp.*, 312 Ark. 225, 850 S.W.2d 297.

Affirmed in part; reversed in part and remanded.