Sue BURKE *v*. Vickii STRANGE and the City of Huntington

98-434                                        983 S.W.2d 389

Supreme Court of Arkansas
Opinion delivered December 3, 1998

*Oscar Stilley*, for appellant.

*Orville C. Clift, P.A.*, for appellees.

RAY THORNTON, Justice. Appellant Sue Burke appeals from the decision of the trial court that each party to her underlying Freedom of Information Act suit should bear their own attorney's fees and costs. We affirm. The abstract shows that no evidence was presented to the trial court by appellant as to what a reasonable attorney's fee would be, no objection was made to the trial court's order requiring each side to bear its own attorney's fees and costs, and no petition for rehearing on the issue of attorney's fees was addressed to the trial court. Appellant argues that the language of the statute providing for the award of attorney's fees to the prevailing party required the trial court to make such an award. There is no showing that this argument was made to the trial court. We note that the trial court's decision requiring appellees Vickii Strange and the City of Huntington to make copies of the requested records and to provide those copies to appellant was not appealed by either party.

While the disposition of the underlying case is not before us in this appeal, a summary of the facts is helpful in understanding appellant's arguments that the failure to award attorney's fees was an abuse of discretion, and that we should revisit our decision in *Depoyster v. Cole*, 298 Ark. 203, 766 S.W.2d 606 (1989), and modify that decision to hold that attorney's fees and costs should

be awarded to every prevailing plaintiff. Here appellant sought access to the City of Huntington's financial records from February through October 1997. There is no contention that the records were not made available for inspection; the controversy turned upon restrictions imposed by the City on the means of making copies. Appellees declined to make copies of the ledger, but set a date, November 3, 1997, for appellant to be furnished the ledger for appellant's purpose of copying the information. However, when appellant arrived with a combination fax machine-copier to do the duplicating, appellees noted that the use of this equipment would require the disassembly of the ledger book, and refused to allow this to be done.

Appellant filed suit in Sebastian County Chancery Court on November 13, 1997, asking that the city be found in violation of the Arkansas Freedom of Information Act, that the court order the immediate release of all documents requested, and that the city pay costs and attorney's fees. A bench trial was held on December 14, 1997. During the trial, Ms. Strange requested attorney's fees on behalf of the city, and presented evidence of the billable hours spent, as well as the expenses incurred by the city. Appellant presented no evidence of time spent by counsel or expenses incurred, but asked in closing arguments for attorney's fees in the amount of twenty-five hundred dollars and presented to the trial court a proposed order with the amount of the requested attorney fee left blank, saying, "[W]hatever you want to put in will be fine, and we'll take it and go from there."

The trial court found that appellant should immediately be provided with the documents requested, and approved appellees' choice that it make the copies and charge appellant twenty-five cents per page. The court further found that, "Each side will bear their own attorney's fees and costs." The matter was adjourned without further comment from either party.

On January 8, 1998, the court entered an order of dismissal, having found that both appellant and appellee had fully complied with the court's previous order, and again found that each party should bear its own costs and attorney's fees.

■ Attorney's fees are awarded only when expressly provided for by a statute or rule. *Security Pac. Hous. Servs., Inc. v. Friddle*, 315 Ark. 178, 185, 866 S.W.2d 375, 379 (1993). The Arkansas Freedom of Information Act provides in pertinent part:

> In any action to enforce the rights granted by this chapter, or in any appeal therefrom, the court shall assess against the defendant reasonable attorney's fees and other litigation expenses reasonably incurred by a plaintiff who has substantially prevailed unless the court finds that the position of the defendant was substantially justified or that other circumstances make the award of these expenses unjust . . .

Ark. Code Ann. § 25-19-107(d) (Repl. 1996).

■ Appellant presents a persuasive argument that the Freedom of Information Act must be liberally construed. The Arkansas statute provides authority for a discretionary award of attorneys' fees and costs in favor of a plaintiff who substantially prevails under the Arkansas Freedom of Information Act. The Freedom of Information Act was passed wholly in the public interest, and it is to be liberally interpreted to the end that its praiseworthy purposes may be achieved. *Sebastian County Chap. of the Am. Red Cross v. Weatherford*, 311 Ark. 656, 658, 846 S.W.2d 641, 643 (1993); *Depoyster v. Cole*, 298 Ark. 203, 205, 766 S.W.2d 606, 607 (1989); *Arkansas Gazette Co. v. Pickens*, 258 Ark. 69, 71, 522 S.W.2d 350, 351 (1975); *Laman v. McCord*, 245 Ark. 401, 404, 432 S.W.2d 753, 755 (1968).

■ The trial court need not make a fee award in every Freedom of Information Act case; indeed, the purpose of the fee-shifting provision is to assess fees and costs where public officials have acted arbitrarily or in bad faith in withholding records. *Depoyster v. Cole*, 298 Ark. 203, 208-09, 766 S.W.2d 606, 609 (1989)(*citing* Watkins, *Recent Developments Under the Arkansas Freedom of Information Act*, 1987 ARK. L. NOTES 59, 64).

■ An award of attorney's fees will not be set aside absent an abuse of discretion by the trial court. *Chrisco v. Sun Indus.*, 304 Ark. 227, 230, 800 S.W.2d 717, 719 (1990)(*citing State Farm Fire & Casualty Co. v. Stockton*, 295 Ark. 560, 750 S.W.2d 945 (1988)) The decision whether to award a fee in such cases is a decision within the trial court's discretion. *Security Pac. Housing Servs., Inc. v. Friddle*, 315 Ark. 178, 185, 866 S.W.2d 375, 379 (1993);

*Caplener v. Bluebonnet Milling Co.*, 322 Ark. 751, 760, 911 S.W.2d 586, 591 (1995).

■ ■ While we are sympathetic to appellant's argument that reasonable attorney's fees should have been awarded, there was no showing that any presentation was made to the trial court as to what a reasonable attorney's fee would be. Appellant did not request additional findings on the ruling from the trial court, made no objection below to the court's order, nor filed a petition for rehearing. In the absence of a showing that the trial court was given the opportunity to pass on appellant's arguments in favor of the award of attorney's fees, we must affirm the trial court's decision. Arguments raised for the first time on appeal will not be considered on appeal. *Furman v. Holloway*, 312 Ark. 378, 383, 849 S.W.2d 520, 523(1993). Where the abstract does not reflect that the argument, or any similar argument, was made to the trial court, we will not reach the merits of the argument on appeal. *Dellinger v. First Nat'l. Bank of Russellville*, 333 Ark. 460, 463, 970 S.W.2d 223, 224 (1998); *Barber v. Wilson*, 330 Ark. 250, 255-56, 953 S.W.2d 579, 583 (1997).

In the case before us, appellant's argument cannot be sustained based upon the record, or lack thereof, before this court. Appellant seeks for us to interpret the statute and articulate suitable standards to be used in assisting trial courts in exercising their discretion. While the court has a long history of interpreting the Freedom of Information Act liberally and will continue to do so, under these circumstances the record presented to us does not preserve appellant's argument for reinterpretation of the statute, or the standard articulated in *Depoyster*, and we do not engage in the review of arguments not raised below. *Furman, supra.*

■ This court addressed a similar contention regarding attorney's fees in *River Valley Bank & Trust*, 334 Ark. 172, 971 S.W.2d 777 (1998), and held that where the trial court denied appellant's motion for attorney's fees without explanation, we were unable to determine if the court found, in its discretion, that attorney's fees were not warranted in this case. Without a specific ruling, it is impossible for us to say the trial court erred. *Id.* at 179, 781. Accordingly, we affirm.

Affirmed.