Larry HAMILTON *v.* Walter E. "Sonny" SIMPSON

CA 98-971                                    993 S.W.2d 501

Court of Appeals of Arkansas
Division II
Opinion delivered June 30, 1999
[Petition for rehearing denied August 25, 1999.]

*Appellant,* pro se.

*Karla M. Burnett,* Pulaski County Att'y, and *Amanda Mankin,* Ass't County Att'y, for appellee.

JUDITH ROGERS, Judge. This is an appeal from an order dismissing appellant's complaint and denying an award of attorney's fees and costs. On appeal, appellant argues that the trial

court erred in dismissing his complaint and finding that he had not substantially prevailed on any issue, and that the court erred in failing to award an attorney's fee and costs. We affirm.

On Friday, April 18, 1997, appellant, acting *pro se*, filed a request with appellee, the Director of Administrative Services for Pulaski County, for information under the Freedom of Information Act (FOIA) pertaining to the Multi-Purpose Civic Center. The record indicates that appellant was informed that the information would have to be located. Despite appellee's response, appellant filed this case in circuit court on the following Monday, April 21, 1997. A hearing was held on May 1, 1997. Appellee informed the trial court that he had never withheld documents from appellant but that time was needed to retrieve the remaining documents that appellant requested. Subsequently, the documents were voluntarily provided to appellant without a court order. Appellant in the meantime filed a motion for attorney's fees and costs. The court dismissed appellant's complaint and denied appellant's motion noting that appellant had not substantially prevailed on any issue and was proceeding *pro se*; thus, appellant was not entitled to an attorney's fee and costs.

On appeal, appellant argues that the trial court erred in dismissing his complaint and in finding that he had not substantially prevailed on any issue. Appellant contends that he prevailed because after he filed the suit, he was subsequently allowed to review documents he had requested; thus, he should be allowed attorney's fees and costs. Although we are aware that the purpose of the FOIA is to protect the public's right to know and that courts should follow the spirit and letter of the law, we cannot agree that under the facts of this case that appellant was denied access to the records he requested.

■ Attorney's fees are awarded only when expressly provided for by a statute or rule. *Security Pac. Hous. Servs., Inc. v. Friddle*, 315 Ark. 178, 185, 866 S.W.2d 375, 379 (1993). The Arkansas Freedom of Information Act provides in pertinent part:

> In any action to enforce the rights granted by this chapter, or in any appeal therefrom, the court shall assess against the defendant reasonable attorney's fees and other litigation expenses reasonably

incurred by a plaintiff who has substantially prevailed unless the court finds that the position of the defendant was substantially justified or that other circumstances make the award of these expenses unjust. . . .

Ark. Code Ann. § 25-19-107(d) (Repl. 1996).

■ ■ The trial court need not make a fee award in every Freedom of Information Act case; indeed, the purpose of the fee-shifting provision is to assess fees and costs where public officials have acted arbitrarily or in bad faith in withholding records. *Burke v. Strange*, 335 Ark. 328, 983 S.W.2d 389 (1998); *Depoyster v. Cole*, 298 Ark. 203, 208-09, 766 S.W.2d 606, 609 (1989)(citing Watkins, *Recent Developments Under the Arkansas Freedom of Information Act*, 1987 ARK. L. NOTES 59, 64). The decision whether to award a fee in such cases is a decision within the trial court's discretion. *Security Pac. Housing Servs., Inc. v. Friddle*, 315 Ark. 178, 866 S.W.2d 375 (1993). An award of attorney's fees will not be set aside absent an abuse of discretion by the trial court. *Chrisco v. Sun Indus.*, 304 Ark. 227, 800 S.W.2d 717 (1990).

The record reflects that appellant made a verbal request for documents to Joy Pensinger, appellee's administrative assistant, on April 14, 1997. Appellant was to retrieve the information on April 16, but the information was not available due to confusion concerning what documents appellant had requested. Appellant wrote down the information he requested and discussed this with Ms. Pensinger. According to appellant's complaint, Ms. Pensinger said she would start retrieving the information. On the morning of April 18, appellant called appellee in reference to the information he had requested and whether appellant could come pick up the information. According to appellant, appellee told him that some of the information he requested may be confidential and privileged, and appellee would have to get the County Attorney's approval. With regard to other information that had been requested, appellee allegedly could not give a time when it would be available. That afternoon, appellant filed his FOIA request.

The record, on the other hand, also indicates that appellant was never denied access to documents he requested. In fact, the record reveals that appellee voluntarily provided the requested

documents when he became aware of the documents' location and status.

■ Another important point which must be addressed is that appellant filed this suit one business day after filing his FOIA request. Arkansas Code Annotated section 25-19-105(e) provides:

> (e) If a public record is in active use or storage and, therefore, not available at the time a citizen asks to examine it, the custodian shall certify this fact in writing to the applicant and set a date and hour within three (3) working days, at which time the record will be available for the exercise of the right given by this chapter.

The record reveals that appellant never allowed appellee the requisite number of working days or a reasonable amount of time to process his request before filing this lawsuit. Consequently, we find that appellant's complaint was filed prematurely. Based on the record, we cannot say that the trial court abused its discretion in denying appellant's request for attorney's fees and costs.

Appellant also argues that the trial court erred in finding that appellee was not the custodian of the requested records and not the proper party defendant. Because we find that the court did not abuse its discretion in denying attorney's fees and costs nor err in dismissing the complaint, we need not address this issue.[1] We note, however, that the courts should zealously protect the rights of the people and encourage those individuals who seek to pursue those rights under the FOIA, and that government should not impede this process.

Affirmed.

HART and GRIFFEN, JJ., agree.

---

[1] We would note that appellee did find and provide the requested information from a department that is under his supervision. In fact, the office where the records were located was down the hall from appellee's office.