BOATMEN'S TRUST COMPANY of ARKANSAS
n/k/a Bank of America, N.A., as Trustee of
the Trust Agreements of N.B. Dalton *v.*
Harris J. BUCHBINDER,
Personal Representative of the Estate of
Barbara D. Blaisdell; Lyle B. Thompson;
and Barbara Laney and David Thompson

00-290 32 S.W.3d 466

Supreme Court of Arkansas
Opinion delivered November 30, 2000

*Wright, Lindsey & Jennings LLP*, by: *David M. Powell, Charles L. Schlumberger, Judy Simmons Henry*, and *Stephen R. Lancaster*, for appellant.

*Shults Law Firm, LLP*, by: *Steve Shults* and *Reed R. Edwards*, for appellee Harris J. Buchbinder, Personal Representative of the Estate of Barbara D. Blaisdell.

*Charles J. Lincoln, P.A.*, for appellee Lyle B. Thompson.

*Williams & Anderson LLP*, by: *Peter G. Kumpe* and *Stephen B. Niswanger*, for appellees Barbara Laney and David Thompson.

W̲H. "DUB" ARNOLD, Chief Justice. As trustee of the estate of N.B. Dalton, also known as Barbara D. Blaisdell, appellant Bank of America, N.A. seeks to reverse the Pulaski County Chancery Court's order finding that its award of attorney's fees in the amount of $206,952.05 can only be recovered from appellee Lyle B. Thompson, the estate's personal representative from 1996 until his removal on August 13, 1998. Lyle Thompson is Blaisdell's son and a beneficiary of her estate. On appeal, Bank of America argues that it should be permitted to recover fees from the estate pursuant to Ark. Code Ann. sections 28-70-113 and 16-22-308 and under equitable principles. In response, appellees, Harris J. Buchbinder, who succeeded Thompson as the estate's personal representative, and Barbara Laney and David Thompson, Blaisdell's grandchildren and beneficiaries of the estate, contend that the trial court properly found that Lyle Thompson should be solely responsible for payment of the fees.

Lyle Thompson advances appellant's argument and maintains that any attorney's fee award should be borne by the estate and the beneficiaries who benefitted from any litigation. However, we do not consider the merits of Thompson's arguments on appeal in light of our decision in *Buchbinder v. Bank of America, N.A.*, 342 Ark. 632, 30 S.W.3d 707 (2000). In *Buchbinder*, we acknowledged that the Court of Appeals dismissed Thompson's appeal of the trial court's order assessing attorney's fees against him because his notice of appeal was untimely. *Id.*, 342 Ark. at 642, 30 S.W.3d at 713. After considering appellant's arguments and those of the remaining appellees, we cannot say that the trial court abused its discretion by awarding Bank of America attorney's fees recoverable only against Lyle Thompson.

*I. Standard of review*

 The decision to award attorney's fees and the amount of an award are discretionary determinations that will be reversed only if the appellant can demonstrate an abuse of discretion. *Nelson v. River Valley Bank & Trust*, 334 Ark. 172, 179, 971 S.W.2d 777, 781

(1998) (citing *Security Pac. Housing Servs., Inc. v. Friddle*, 315 Ark. 178, 866 S.W.2d 375 (1993); *Chrisco v. Sun Indus. Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990)). Moreover, it is well settled that under Arkansas law attorney's fees are awarded only when expressly authorized by a statute or rule. *Id.* Given the trial court's intimate acquaintance with the record and the quality of services rendered, we generally defer to the trial court's superior perspective in awarding fees. *Security Pac. Housing*, 315 Ark. at 185-86, 866 S.W.2d at 379.

## II. Section 28-70-113(c)(2)[3]

■ Arkansas Code Annotated section 28-70-113 (1987) enumerates the permissible charges that can be made against a trust's income and principal. In particular, subsection (c)(2) authorizes a charge against trust principal for:

> Charges not provided for in subsection (a) [charges against income], including the cost of investing and reinvesting principal, the payments on principal of an indebtedness (including a mortgage amortized by periodic payments of principal), expenses for preparation of property for rental or sale, and, *unless the court directs otherwise, expenses incurred in maintaining or defending any action to construe the trust or protect it* or the property or assure the title of any trust property[.]

(Emphasis added.) Section 28-70-113(c)(2) clearly empowers the trial court to make an award against principal or, as here, to direct "otherwise" by requiring the expenses to be assessed against the estate's personal representative, individually.

■ We have long recognized that in determining reasonable attorney's fees, the trial court considers the character of the services, the time and trouble involved, the skill and experience required, the professional character, judgment, and responsibility of the attorneys, the results achieved, the attorneys' estimations of the value of their services, and an estimate of other attorneys familiar with the rele-

---

[3] Notably, the Revised Uniform Principal and Income Act, including Ark. Code Ann. sections 28-70-101 to -119 (1987 & Supp. 1999), was repealed effective January 1, 2000. The new act, codified at Ark. Code Ann. sections 28-70-101 to 28-70-605 (Supp. 1999), became effective on January 1, 2000.

vant facts. *State Farm Fire & Casualty Co. v. Stockton*, 295 Ark. 560, 750 S.W.2d 945 (1988). As a result, we grant considerable weight to the opinion of the chancellor before whom the proceedings have been conducted. *Crockett & Brown, P.A. v. Courson*, 312 Ark. 363, 849 S.W.2d 938 (1993).

In the instant case, appellant filed a petition for attorney's fees and expenses arising from four separate lawsuits and related trust-administration issues. One suit was litigated in a Georgia United States District Court, a second in an Arkansas United States District Court, a third in the Pulaski County Chancery Court, and a fourth in the Garland County Circuit Court. The federal actions and the state circuit-court action all involved Thompson's attempts to compel Bank of America to compensate the trust for the amount of payments that he and Blaisdell received from the trustee at their own request and later claimed were disbursed in violation of the trust. On appeal in *Buchbinder*, we held that Thompson's knowing consent, manifested by his acquiescence and actual demand for payments he later challenged, precluded a subsequent action against the trustee to enforce the trust's terms. *Buchbinder*, 342 Ark. at 641, 30 S.W.3d at 712.

■ Here, the chancellor sat through multiple hearings, a three-day trial, and reviewed numerous billing-statement summaries. Based on the nature of the proceedings, Thompson's role in the litigation, our decision in *Buchbinder*, and the authority of Ark. Code Ann. section 28-70-113(c)(2), we cannot say that appellants have demonstrated any abuse of discretion in the trial court's decision to allocate to Lyle Thompson sole responsibility for payment of the attorney's fee award.

### III. Other issues

The *Restatement (Second) of Trusts* § 259 (1959) and Ark. Code Ann. section 16-22-308 (Repl. 1999) form the basis of appellant's remaining arguments challenging responsibility for the award's payment. First, appellant cites § 259 of the Restatement to bolster its argument that it was entitled to a fee award payable from the trust. Section 259 permits a trustee to apply to the court for instructions as to the trust's administration when there is a reasonable doubt as to its duties or powers as trustee. Comment (a) authorizes costs

incurred in such an application to be payable out of the trust estate, "unless the application for instructions was plainly unwarranted so that it was improper for the trustee to incur the expense of making the application." *Restatement (Second) of Trusts* § 259 cmt. a (1959).

In response, appellees point to the *Restatement (Second) of Trusts* § 201 cmt. b (1959), which cautions a trustee to protect itself by obtaining instructions from the court if it is in doubt as to the instrument's interpretation. Absent a request, the trustee is not shielded from liability merely because he "acts in good faith, nor is he protected merely because he relies upon the advice of counsel." *Id.* The extent of the trustee's powers is established by the trust instrument and not by the trustee's own interpretation or belief as to the applicable rules of law. *Id.* Here, appellees observe that the trustee failed to seek and obtain any court approval prior to making distributions prohibited by the trust agreement. Consequently, appellees insist that the trial court did not abuse its discretion by refusing to allow the trustee to recover attorney's fees from the trust.

Second, appellant suggests that Ark. Code Ann. section 16–22–308 allows an award of attorney's fees to be paid from the trust and appellees Barbara Laney and David Thompson because the trustee was the prevailing party in a case involving alleged breaches of the terms of the trust agreement, a contract. Section 16-22-308 provides for attorney's fees in certain civil actions, including:

> any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or *breach of contract. . . .*

(Emphasis added.) In any of the enumerated actions, the court may award a reasonable attorney's fee to the prevailing party, unless otherwise provided by law or the contract which is the subject matter of the action. Ark. Code Ann. § 16-22-308.

The total fee award of $206,952.05 included fees for actions filed in (1) Georgia federal court, (2) Arkansas circuit court, (3) Arkansas federal court, and (4) Arkansas chancery court. Significantly, the three actions filed prior to the chancery action were dismissed or nonsuited, and there was no prevailing party. As a result, section 16-22-308 does not authorize an assessment against

the trust, Barbara Laney, or David Thompson for fees arising from those actions.

■ However, the trustee claims that it prevailed in the chancery court action, while the trust, Barbara Laney, David Thompson, and Lyle Thompson were all unsuccessful litigants in that proceeding. Specifically, the trustee asserts that the chancery court's favorable treatment of the other appellees, by failing to assess fees against them, constituted an abuse of discretion. We disagree. Given the chancellor's intimate acquaintance with the litigation and the considerable weight afforded his opinion on whether to assess fees against a party, we cannot say that he abused his discretion in denying an award pursuant to section 16–22–308 or § 259 of the Restatement. *See Security Pac. Housing,* 315 Ark. at 185-86, 866 S.W.2d at 379; *see also Crockett & Brown, P.A.,* 312 Ark. at 368, 849 S.W.2d at 941. In conclusion, we find no merit in appellant's arguments, and we affirm the trial court's award of attorney's fees to be payable solely by Lyle B. Thompson.

Affirmed.

GLAZE, J., dissents.