BART F. VIRDEN, Judge
Roger Pleasant, James Hinton, Brian Hinton, and Accident Claim Service, LLC, appeal the Pulaski County Circuit Court's award of $ 115,200 in attorney's fees and $ 6,247.47 in costs for the State's successful claim against appellants for violations of the Arkansas Deceptive Trade Practices Act (ADTPA). We affirm.
*92 I. Relevant Facts
A Pulaski County Circuit Court jury found that Roger Pleasant violated the ADTPA eight times, that James Hinton violated the ADTPA three times, and that Brian Hinton and Accident Claim Service, LLC, were each liable for one violation of the ADTPA. The jury found that, pursuant to Arkansas Code Annotated section 4-88-113(d)(1) (Supp. 2017), Pleasant was vicariously liable for all thirteen violations because he directly or indirectly controlled the other defendants. The circuit court assessed civil penalties of $ 2000 per violation against appellants. Appellants filed a timely notice of appeal, and we affirmed the decision in Pleasant v. McDaniel , 2018 Ark. App. 254, 550 S.W.3d 8.
The State filed a petition for expenses, attorneys' fees, and costs, asserting that it began the formal investigation of the claims against Pleasant and his associates in December 2013 and filed the complaint in June 2014. After extensive discovery and investigation, the jury trial was held from October 4-6, 2016, and the jury reached the verdict set forth above. The State included timekeeping and accounting records and affidavits of the senior attorney general and the assistant attorney general who served as litigation counsel throughout the investigation and the trial. In the affidavit, each attorney listed his or her qualifications, experience, and hourly rate and described the complexity of the litigation. The State claimed costs of $ 6,247.47, senior attorney fees of $ 96,800, and assistant attorney fees of $ 18,400 for a total of $ 121,447.47.
Appellants responded that the State was not entitled to the expenses and costs claimed because it did not prevail on the "predominate issues" and opposing counsel cannot incur fees because they are salaried State employees. Appellants requested more time and filed a second response on December 19, 2016. In the supporting brief, appellants argued that (1) the opposing attorneys are paid by the State; thus, they cannot be awarded attorney's fees; (2) the State claimed over 100 violations of the ADTPA and "the vast majority of the claims were found without merit"; (3) the State forced this case to go to trial, refusing to settle; and (4) the request for fees and costs is unreasonable because the State "grossly inflated" the hours worked, recording ten-hour, twenty-hour, twenty-three-hour, twenty-five-hour, thirty-five-hour, forty-hour, and fifty-hour workdays. In the prayer for relief, appellants stated, "Wherefore, the defendants pray that this motion be deemed good and sufficient and that after due proceedings are had herein that their motion be granted...." (Emphasis added.)
The State responded that (1) the attorney's fees for this case are awarded to the attorney general pursuant to Arkansas Code Annotated section 4-88-113(e) ; (2) the ADTPA does not exclude state-employed attorneys from incurring attorney's fees; (3) the State was not required to settle this matter, the defendants had not made the necessary concessions to settle the case; moreover, the jury found in favor of the State; (4) the recorded hours exceeding twenty-four reflect multiple days' work that was completed on that date, not work done in a single day; and (5) other than this misapprehension of the timekeeping record, appellants had not asserted how the fees were excessive or unreasonable.
The circuit court entered an order on June 29, 2018, awarding $ 121,447.47 in fees and costs pursuant to section 4-88-113(e). On July 20, the circuit court entered an amended judgment and found the following: Roger Pleasant was adjudged liable for eight violations of the ADTPA, James Hinton was adjudged liable for three violations, Brian Hinton was adjudged *93 liable for one violation, and Accident Claim Service, LLC, was adjudged liable for one violation. Roger Pleasant directly or indirectly controlled the other parties, and he knew or should have known about their deceptive practices. Pursuant to section 4-8-113(a), the court assessed civil penalties against all the defendants at $ 2000 per violation and found Pleasant jointly and severally liable for all thirteen violations and assessed $ 26,000 in penalties. The court held that State was entitled to expenses, attorney's fees, and costs pursuant to section 4-88-113(e), and "based on the submissions of Plaintiff's counsel and Defendants' responses thereto, the court awards the State $ 6,247.47 in expenses and $ 115,200 in attorneys' fees." Appellants filed a timely notice of appeal.
II. Discussion
A. Reasonableness of the Attorney's-Fees Award
Our general rule relating to attorney's fees is well established, and it is that attorney's fees are not allowed except when expressly provided for by statute. Hanners v. Giant Oil Co. of Ark., Inc. , 373 Ark. 418, 284 S.W.3d 468 (2008). An award of attorney's fees will not be set aside absent an abuse of discretion. Id. While courts should be guided by recognized factors in determining reasonableness of attorney's fees, there is no fixed formula to be used and an award of attorney's fees is a matter for sound discretion of the circuit court. State Farm Mut. Auto. Ins. Co. v. Brown , 48 Ark. App. 136, 892 S.W.2d 519 (1995).
First, we address appellants' argument that the circuit court erred because the State's fee request is unreasonable. Specifically, appellants assert that opposing counsel recorded workdays exceeding twenty-four hours. We disagree, and we affirm.
Arkansas has long followed the "American Rule" that attorney's fees are not chargeable as costs in litigation unless specifically permitted by statute or rule. Gill v. Transcriptions, Inc. , 319 Ark. 485, 892 S.W.2d 258 (1995). Pursuant to Arkansas Code Annotated section 4-88-113(e) the attorney general "shall be entitled to all expenses reasonably incurred in the investigation and prosecution of suits, including, but not limited to, expenses for expert witnesses, to be paid by the defendant when judgment is rendered for the State, and, in addition, shall recover attorney's fees and costs." The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. City of Little Rock v. Carpenter , 374 Ark. 511, 516, 288 S.W.3d 647, 651 (2008).
Appellants concede that section 4-8-113(a) allows the Attorney General to recover reasonable attorney fees; however, they argue that the attorney general blatantly lied when it reported several days' work exceeding twenty-four hours. The State responds, as it did below, that the practice of the attorney general is to record the cumulative hours regarding certain work on the day the work was completed, and we find no error in the circuit court's acceptance of the State's explanation. The circuit court's award of attorney's fees, costs, and expenses comports with the language of the statute.
B. Other Issues
The appellants make several other arguments regarding the circuit court's award of attorney's fees; however, all the issues raised are meritless, and we discuss them here.
Appellants argue that the State was required to provide proof of certain *94 relevant factors regarding the reasonableness of attorney's fees listed in Chrisco v. Sun Industries, Inc. , 304 Ark. 227, 800 S.W.2d 717 (1990). However, because appellants did not raise the issue to the circuit court, they have waived any argument concerning the application of the Chrisco factors to this case. Arguments raised for the first time on appeal will not be considered. Burke v. Strange , 335 Ark. 328, 983 S.W.2d 389 (1998). If the record does not reflect that the argument, or any similar argument, was made to the circuit court, we will not reach the merits of the argument on appeal. Id. We do not address appellants' new or unsupported arguments.
In addition to the argument regarding the Chrisco factors, appellants assert for the first time that section 4-88-113(a) does not provide for costs such as depositions, mediation, and questionnaires; thus, this issue is also not properly before this court. Appellants also contend that the circuit court erred by not granting a hearing on attorney's fees. In fact, nothing in the record indicates that appellants requested a hearing. Appellants claim that the phrase in their response to the State's petition for attorney's fees "that after due proceedings are had herein that their motion be granted" constitutes a request for a hearing. It does not. Furthermore, the style of the filing states only that it is a "response" to the State's petition, and nothing in the pleading indicates that the respondent requests a hearing. Arkansas Rule of Civil Procedure 78(c) provides that "[u]nless a hearing is requested by counsel or is ordered by the court a hearing will be deemed waived and the court may act upon the matter without further notice after the time for reply has expired." Appellants waived the right to request a hearing, and we have no circuit court ruling to review. Appellants' argument is meritless. See Buckingham v. Gochnauer , 2017 Ark. App. 660, 536 S.W.3d 155.
Appellants argue on appeal that the circuit court failed to make the required findings of fact and conclusions of law. Appellants did not request additional findings on the ruling from the circuit court, and they made no objection below to the court's order; thus, we do not consider this argument on appeal. See Burke , supra. Moreover, appellants' contention that the circuit court made no findings of fact is incorrect. The reporter's notes accompanying Arkansas Rule of Civil Procedure 54 provide that findings regarding fee awards "will be quite brief in most cases." Ark. R. Civ. P. 54(e) rep. n. 1992 amend. In its order, the circuit court referred to the State's petition and the affidavit attached to it addressing both attorney's experience and ability, the time and labor required, the results obtained, the complexity of the issues, and the fee customarily charged.
One argument that appellant did raise to the circuit court that they appeal to this court is that because the State did not prevail on a majority of its claims, attorney's fees are inappropriate. Appellants fail to cite to authority in support of this argument. Appellants cite Thomas v. Olson , 364 Ark. 444, 220 S.W.3d 627 (2005), in which our supreme court held that because all of appellant's claims were dismissed, she was not a prevailing party entitled to attorney's fees. Thomas is distinguishable from the instant case because as we stated above, the State prevailed on many of the ADTPA claims. Appellants offer no other authority to support their argument, and arguments made without citation to authority or convincing argument will not be addressed on appeal. MDH Builders, Inc. v. Nabholz Constr. Corp. , 70 Ark. App. 284, 292, 17 S.W.3d 97, 103 (2000).
*95 Last, appellants assert that the fees awarded are excessive, and this court could modify the award "to a reasonable amount." Appellants did not offer the circuit court or this court any evidence of what a reasonable fee might be or otherwise explain how the court might determine the matter. We will not develop an issue for a party at the appellate level. Alexander v. McEwen , 367 Ark. 241, 239 S.W.3d 519 (2006).
The circuit court's award of attorney's fees, costs, and expenses comports with section 4-88-113(e), and we affirm.
Affirmed.
Gladwin and Whiteaker, JJ., agree.