Cite as 2023 Ark. App. 210

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CV-22-292

| | |
|---|---|
| SANDRA FOSTER<br><br>APPELLANT<br><br>V.<br><br>THE MANHATTAN GROUP, LLC,<br>D/B/A FOSTER MOTOR COMPANY<br>APPELLEE | Opinion Delivered April 12, 2023<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NOS. 35CV-21-332 & 35DR-20-1071]<br><br>HONORABLE LEON N. JAMISON, JUDGE<br><br>REMANDED TO SUPPLEMENT THE RECORD |

### RITA W. GRUBER, Judge

Sandra Foster appeals a Jefferson County Circuit Court judgment granting $13,906.15 in attorney's fees to appellee, The Manhattan Group, LLC, d/b/a Foster Motor Company. Sandra asserts that the circuit court erred in doing so. We remand for supplementation of the record.

I. *Procedural and Factual History*

This case has a convoluted procedural history. On June 11, 2021, The Manhattan Group, Inc., d/b/a Foster Motor Company (TMG) filed a complaint for replevin against Sandra in case number 35CV-21-332, in the Jefferson County Circuit Court, Fifth Division (replevin case). The complaint alleged that on February 15, 2017, Sandra's then husband, Noel Foster d/b/a Foster Motor Company, executed a promissory note and security

agreement on behalf of the Foster Motor Company for the sum of $55,200 for the purchase of a 2016 GMC Yukon Denali, and on March 8, title to the Yukon was issued to the "Foster Motor Company." The complaint further alleged that TMG had permitted Sandra to have possession of the Yukon but was no longer willing to do so; on May 5, 2021, it demanded that Sandra return the vehicle, but Sandra had refused to respond to the demand and had not returned the Yukon; and TMG had made and was continuing to make all the Yukon payments—$650 a month—and was being deprived of its use and benefits due to Sandra's unlawful detention of the Yukon. The complaint was supported by the affidavit of Lana Foster[1] as "an officer in the plaintiff corporation." On June 18, Sandra answered, asserting that the Yukon was marital property, and all interests in it should be determined in the divorce proceedings between Sandra and Noel Foster in case number 35DR-20-1071, in the Jefferson County Circuit Court, Fourth Division (divorce case), and the replevin case should be "transferred" to the divorce case.

On June 22, Sandra filed a "Motion to Transfer" the replevin case to the same division presiding over the divorce case. The motion asserted that TMG had "made themselves necessary parties in the divorce case" and requested the following relief:

> WHEREFORE, Sandra Foster respectfully asks the Court to transfer this case to 4th Division to be combined or consolidated with *Sandra Foster vs. Noel Foster*, Fourth Division Jefferson County Circuit Court, case number 35DR-20-l071, for her costs, attorney fees and all other just and proper relief to which she is entitled.

---

[1]Lana Foster is Noel Foster's sister-in-law.

That same day, TMG responded to the motion to transfer, reasserting its ownership of the Yukon and denying that the replevin case should be transferred. On August 31, an order was entered stating that a hearing was held regarding the transfer motion on August 9, and "[b]ased on the pleadings, the documents on file, the testimony at the hearing, and all other relevant matters," the motion was granted. The order further stated that the replevin case would "be transferred to the 4th Division Jefferson County Circuit Court for consideration in connection with case number 35DR-20-1071." The transcript from that hearing is not contained in the record before this court.

On September 2, a letter to the attorneys for TMG, Sandra, and Noel was filed, stating that the court presiding over the divorce case would accept the transfer of the replevin case. While the electronic file stamp reflected the replevin case number, underneath it appeared for the first time, "C11WD04," rather than "C11WD05," which had been reflected on all other previous filings in the replevin case. The "C11WD04" designation appeared on all further filings made under the replevin case number in the record before this court.

On September 20, TMG filed an amended complaint under the replevin case number, adding a claim for conversion while modifying the style of the case from "The Manhattan Group, Inc., d/b/a Foster Motor Company" to "The Manhattan Group, LLC., d/b/a Foster Motor Company." The style of the case now also reflected that the replevin case was consolidated with the divorce case and that TMG had been made a third-party defendant in the divorce case. The amended complaint made the same substantive allegations regarding the replevin claim. With respect to the conversion claim, TMG alleged

3

that it was the lawful owner of the Yukon; it had informed Sandra that she was no longer permitted to possess it and demanded its return; she had failed to return the Yukon, and she was intentionally exercising "dominion and control over the vehicle in violation of" TMG's rights.

On October 5, an order was filed under the replevin case number reflecting that a hearing had been conducted "in this matter" on September 21, at which TMG, as plaintiff and third-party defendant, appeared through counsel, as did Sandra, and Noel. The circuit court made the following findings of fact that are relevant for appeal purposes: (1) the "parties" settled all issues in the divorce case except whether the Yukon was property of Noel and Sandra and therefore marital property; (2) at the "same time" the court must decide if the Yukon was owned by TMG; (3) an order was entered transferring the replevin case on August 31, 2021; and (4) the replevin case was consolidated with the divorce case. The circuit court concluded that TMG was the lawful owner of the Yukon, and it was entitled to immediate possession of the Yukon. The court awarded TMG $3250 in damages, representative of "the five loan payments that TMG could have avoided by selling" the Yukon had Sandra returned it when demanded to do so. The court further identified TMG as the prevailing party and stated that it would conduct "further proceedings for [Sandra's] . . . retention, diminution in value, any damages to the vehicle while in [Sandra's] . . . possession,

4

and attorney's fees." On October 20, Sandra filed a "Motion to Dismiss / Answer to Amended Complaint" under the replevin case number, generally denying the allegations.[2]

On November 1, Sandra filed a six-page "Response to Motion for Attorney's Fees and Costs" under the replevin case number. Her responses were primarily in the following format: "Defendant admits the allegations in Paragraph two (2) of TMG's Motion for Attorney's Fees and Costs." However, no motion for fees is in the record before this court. On November 2, TMG filed a letter under the replevin case number, stating that it had filed a motion for attorney's fees and costs; Sandra had responded; TMG anticipated filing a reply within the next few days; once the reply was filed, a copy would be sent to the court's chambers; and a hearing was requested. The record does not contain any reply.

On January 15, 2022, a hearing on the fee motion was held at which Sandra appeared pro se, and TMG appeared through counsel. Lana Foster testified. The attorney's bills were introduced as exhibits but not the motion itself. Sandra also briefly testified. On February 15, a "Judgment" was filed under the replevin case number. The "Judgment" stated that a hearing had been conducted in the matter on January 15, that Sandra and TMG appeared, and based on "the exhibits, testimony, pleadings, arguments of counsel, and all other matters properly appearing of record," TMG's "Motion for Attorney's Fees and Costs is granted," and TMG was "awarded $13,906.15." This is the order from which Sandra timely appeals.

On appeal, Sandra designated the following abbreviated record:

---

[2]No explanation is provided regarding why Sandra filed the "Motion to Dismiss / Answer to Amended Complaint" *after* entry of the October 5 order.

- complaint filed on June 11, 2021;
- affidavit for replevin filed on June 11, 2021;
- notice of complaint for order of delivery filed on June 11, 2021;
- answer filed on June 18, 2021;
- motion to transfer to 4th division filed on June 22, 2021;
- response to motion to transfer filed on June 22, 2021;
- order entered on August 31, 2021;
- letter from Judge Jamison filed on September 2, 2021;
- amended complaint filed on September 20, 2021;
- order entered on October 5, 2021;
- motion to dismiss/answer to amended complaint filed on October 20, 2021;
- response to motion for attorney's fees and costs filed on November 1, 2021;
- letter from Mr. Richardson to Judge Jamison filed on November 2, 2021;
- motion for contempt filed on January 18, 2022;
- judgment entered on February 15, 2022;
- notice of appeal; and
- all other documents filed between the filing of this notice of appeal and the filing of the record with the Arkansas Court of Appeals that concern the deadline to file the record on appeal or to stays pending appeal.

Sandra's notice of appeal further delineated that "given the point on appeal, the only hearing she designates for the record on appeal is the hearing of February 15, 2022." TMG did not object to or supplement the abbreviated record.

## II. *Discussion*

Sandra raises three points on appeal: (1) attorney's fees are not recoverable for replevin and conversion claims; (2) no motion for attorney's fees was filed in this case within fourteen days of the entry of the judgment; and (3) "The Manhattan Group, LLC," was not a party and was not awarded any relief. TMG responds that (1) attorney's fees are recoverable in replevin and conversion claims depending on the circumstances of the case and are recoverable in divorce proceedings; (2) TMG's motion for attorney's fees was properly filed,

6

and Sandra waived her claims of error; and (3) TMG was a proper party, and Sandra waived her claim of error as to its party status.

The broad issue on appeal is the availability of attorney's fees in connection with replevin or conversion claims. The motion for attorney's fees and costs is not part of the record before this court. According to the briefing, the motion at issue was filed under the divorce case number. If TMG filed a reply as it indicated it would in its November 2 letter, that, too, is not part of the record before this court. To be clear, the record before this court contains a response and an order but neither the motion seeking the relief granted in the appealed from order nor the reply to the response to the motion, if one was filed.

A record on appeal shall be compiled in accordance with the rules of the Arkansas Supreme Court and Court of Appeals. Ark. R. App. P.–Civ. 6(a). The record in civil cases consists of pleadings, judgment, decree, order appealed, transcript, exhibits, and certificates. Ark. Sup. Ct. R. 3-1(n). If an appellant is going to argue on appeal that the evidence does not support or is contrary to a finding or conclusion, she "shall include in the record a transcript of all evidence relevant to such finding or conclusion." Ark. R. App. P.–Civ. 6(b). If anything material to either party is omitted from the record, by error or by accident, we may direct that the omission or misstatement be corrected and, if necessary, that a supplemental record be certified and transmitted. Ark. R. App. P.–Civ. 6(e); *Jenkins v. APS Ins., LLC*, 2012 Ark. App. 368, at 5–6.

Where parties in good faith abbreviate the record by agreement or without objection from opposing parties, the appellate court shall not affirm or dismiss the appeal on account

7

of any deficiency in the record without notice to appellant and reasonable opportunity to supply the deficiency. Ark. R. App. P.–Civ. 6(c). "Where the record has been abbreviated by agreement or without objection from opposing parties, no presumption shall be indulged that the findings of the circuit court are supported by any matter omitted from the record." *Id.* Because "all matters not essential to the decision of the questions presented by the appeal are to be omitted" from the record on appeal, it stands to reason that matters that are essential to the decision of the questions presented by the appeal must also be included in the record on appeal. *Id.*

Our review is frustrated by the failure of the parties to present a full and complete record to this court on appeal. The designation of a limited record appears to have been partially done to bolster Sandra's second point on appeal, as reflected in the following statements from Sandra's briefs: (1) "This Court may not take judicial notice of the fee motion filed in the other case"; (2) "Here, the LLC did not file a motion for attorney fees in this case within 14 days of the October 5, 2021 order. Therefore, the order awarding attorney fees was error"; and (3) "Nor does this court . . . consider matters outside the record."

Sandra argues that the divorce case and the replevin case were never consolidated, and this court is not permitted to take notice of any filings made under the divorce case number. However, this argument ignores the fact that the two matters *were* consolidated, and no subsequent order was entered severing the two cases. While Sandra's June 22, 2021 motion was titled "Motion to Transfer," the specific relief requested *by Sandra* was that the replevin case and the divorce case be consolidated: "Sandra Foster respectfully asks the Court

8

to transfer this case . . . to be combined or consolidated with Sandra Foster vs. Noel Foster . . ..” *See, e.g., Sec. Pac. Hous. Servs., Inc. v. Friddle*, 315 Ark. 178, 182, 866 S.W.2d 375, 377 (1993) (holding that pursuant to the doctrine of invited error, an appellant cannot request a ruling by a circuit court and then complain of that ruling on appeal). It was that relief which was granted in the circuit court's August 31 order.

The consolidation is further reflected in the circuit court's subsequent October 5 order in which the circuit court clearly stated that the replevin case and the divorce case had been consolidated. From that point forward, the style of the parties' filings, including Sandra's response to the fee motion, reflected that the replevin case and divorce case were consolidated, and the circuit court and the parties all treated the replevin case and the divorce case as consolidated.[3] Finally, save for TMG's response to Sandra's transfer motion in the first instance, no party ever challenged the consolidation, personal jurisdiction, subject-matter jurisdiction, or venue, and neither of the orders reflecting that the consolidation occurred are challenged on appeal.

It is apparent from the arguments pressed on appeal that the abbreviated record was not a result of mistake or error. However, the motion for fees and any reply to the response to the motion for fees is essential to deciding the questions presented on appeal. We emphasize that the fee motion and the purported reply are the minimum filings missing from the record, and we encourage the parties to read the rules applicable to appeals and

---

[3]The cover page of the record transcript and the record pleadings also both reflect that the replevin case and the divorce case were consolidated.

9

carefully review the record to ascertain what is essential for this court to determine the issues on appeal. Accordingly, we remand to the circuit court to supplement the record. Sandra has thirty days from the date of this opinion to file a supplemental record with this court.

Remanded to supplement the record.

VIRDEN and BROWN, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*McDaniel & Wolff, PLLC*, by: *Scott P. Richardson*, for appellee.