BART F. VIRDEN, Judge
Roger D. Pleasant appeals the decision of the Pulaski County Circuit Court denying his motion to dismiss and denying his request to submit non-AMI verdict forms to the jury. We affirm.
On June 23, 2014, the State filed a complaint against Roger D. Pleasant; Information and Discovery, Inc.; PSG and Investigation, LLC; Accident Claim Service, LLC; Physician 1st Marketing Group, LLC; Network Collision Group, LLC; Rogerick Pleasant; James Hinton; and Brian Hinton.[1] In its complaint, the State alleged that the defendants violated the Arkansas Deceptive Trade Practices Act (ADTPA), *10 specifically, Arkansas Code Annotated sections 4-88-107(a)(1) (knowingly making false representations), and 4-88-107(a)(10) (any other unconscionable, false or deceptive act), and 4-88-108(2) (concealment, suppression, or omission of any material fact). The State asserted that Pleasant and his associates used false identities and falsely claimed association with insurance companies to solicit auto-accident victims on behalf of chiropractors. The State alleged that the defendants assured consumers that they would help obtain settlements and benefits in exchange for a percentage of the claim paid to the chiropractor. The State explained that the defendants harassed and deceived auto-accident victims, and their actions sometimes led to unnecessary medical treatment that resulted in a medical lien. The defendants failed to inform consumers of important information, including that a medical lien would result from chiropractic treatment. According to the State, consumers were also wrongly steered toward a chiropractor rather than a medical doctor, which in some cases led to further injury. The State requested an injunction against the defendants, and it requested that the court impose civil penalties pursuant to the ADTPA.
Appellants filed an Arkansas Rule of Civil Procedure 12(b)(6) motion to dismiss in which they argued that the State failed to plead facts sufficient to support a claim of fraud because the complaint did not name the victims or the chiropractors, and it did not specify the date of appellants' deceptive conduct. In a second motion to dismiss, appellants claimed that the "safe harbor" provision of the ADTPA bars the State's claims and that the State failed to join indispensable parties, namely the chiropractors for whom they procured clients. Appellants also adopted the motion to dismiss separately filed by defendants James and Brian Hinton in which they argued that the State's ADTPA claim amounted to a fraud claim and that the State failed to state its claim with particularity as required by Arkansas Rule of Civil Procedure 9(b).
The circuit court denied the motions to dismiss. After a three-day trial, the jury was presented with eleven general-verdict forms. The forms directed the jury to determine whether that defendant violated the ADTPA, and if so, how many violations had occurred. The jury found that Roger Pleasant had violated the ADTPA eight times, that James Hinton had violated the ADTPA three times, and that Brian Hinton and Accident Claim Service, LLC, were each liable for one violation of the ADTPA. The jury found that, pursuant to Arkansas Code Annotated section 4-88-113(d)(1), Pleasant was vicariously liable for all thirteen violations because he directly or indirectly controlled the other defendants. The circuit court assessed civil penalties of $2000 per violation against Pleasant. Appellants filed a timely notice of appeal.
I. The Safe-Harbor Provision
On appeal, appellants raise several points that are based on their assertion that as of August 16, 2013, the Arkansas State Board of Chiropractic Examiners (the "Board") has regulated and overseen procurers who help obtain clients for chiropractic practitioners. Appellants contend that because their conduct as procurers is regulated by the Board, the safe-harbor provision of the ADTPA excludes them from liability under the statute. Appellants' premise that procurers are regulated by a state agency and that their deceptive conduct is authorized by the Board is incorrect; thus, none of the related points on appeal have merit.
*11 It is helpful to begin our analysis by reviewing the safe-harbor provision of the ADTPA. The ADTPA prohibits a variety of listed practices, including "knowingly making false representations," and "any other unconscionable, false, or deceptive act or practice in business, commerce, or trade." Ark. Code Ann. § 4-88-107(a)(1) & (a)(10) (Repl. 2011). Arkansas Code Annotated section 4-88-108(2) also prohibits "concealment, suppression, or omission of any material fact"; however, an exception to the ADTPA is the "safe harbor" provision, which provides that the ADTPA does not apply to actions or transactions specifically permitted under laws administered by a regulatory body or officer acting under statutory authority. Ark. Code Ann. § 4-88-101(3). Appellants contend that pursuant to Arkansas Code Annotated section 17-81-107(a)(1)(A) (Suppl. 2017) (effective August 16, 2013), procurers are regulated by the Arkansas State Board of Chiropractic Examiners and their conduct is specifically permitted under the laws administered by the Board; thus, they are protected by the safe-harbor provision from the claims brought by the State.
Appellants misconstrue the plain language of Arkansas Code Annotated section 17-81-107(a)(1)(A), entitled "Use of a Procurer," which defines "procurer" as "a person or entity who for pecuniary benefit procures or attempts to procure a client, patient, or customer by directly contacting the client, patient, or customer in person, by telephone, or by electronic means at the direction of, request of, employment of, or in cooperation with a chiropractic physician." Appellants argue that this definition of procurer amounts to authorization of a procurer's actions, when in fact the statutory language authorizes chiropractic physicians to employ procurers. Stated another way, chiropractors, and not procurers, are the entities whose actions are regulated. Furthermore, the appellants' deceptive conduct set forth by the State in its complaint is not described by the definition of procurer, and that deceptive conduct is not authorized anywhere in the statute. The only conduct authorized here is the chiropractor's use of a procurer.
Appellants similarly misconstrue subsection (b) of the statute and argue that procurers are required by the Board to enter into a written contract with the chiropractor and to register with the Board. In fact, Arkansas Code Annotated section 17-81-107(b) charges the chiropractor, not the procurer, with certain duties:
A chiropractic physician who uses a procurer is required to:
(1) Have a written contract with the procurer or procurement company with whom the chiropractic physician engages; and
(2) Register the name of any procurer with whom the chiropractic physician contracts with the Arkansas State Board of Chiropractic Examiners.
It is clear that procurers are not regulated by the Board, and appellants have not demonstrated that their deceptive conduct is authorized by the Board. For that reason, the safe-harbor provision cannot exempt appellants from liability under the ADTPA; thus, we have no cause to address appellants' assertion that the "general-conduct" rule rather than the "specific-activity" rule regarding the application of the safe-harbor provision should be applied here. See Air Evac EMS, Inc. v. USAble Mut. Ins. Co. , 2017 Ark. 368, 533 S.W.3d 572 (The safe-harbor provision of the ADTPA should be applied according to specific-conduct rule, rather than general-activity rule.).
Appellants also argue that the circuit court abused its discretion by denying their request to provide the jury with non-model verdict forms. Appellants assert *12 that because the Board began regulating chiropractic marketers on August 16, 2013, interrogatory-style verdict forms, and not general-verdict forms, were necessary for the jury to determine whether any of the thirteen violations found occurred after August 16, 2013, and were thus barred by the ADTPA's safe-harbor provision. For the reasons discussed above, this issue stemming from the appellants' safe-harbor claim is meritless, and we decline to review it.
II. Failure to State Claim with Particularity
Appellants argue that in essence, the State alleged that appellants engaged in fraud in order to solicit clients for chiropractic physicians; thus, the State must comply with Arkansas Rule of Civil Procedure 9(b) which requires heightened pleading for any averment of fraud. Specifically, appellants argue that the State must plead with particularity not only the circumstances of the fraud, but the time and place of appellants' fraudulent conduct as well. Appellants limit their argument regarding the adequacy of the pleadings to this issue.
An action under the ADTPA is not a "fraud" action. The elements of common-law fraud are (1) a false representation of a material fact, (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation, (3) the intent to induce action or inaction in the reliance upon the representation, (4) justifiable reliance on the representation, and (5) damage suffered as a result of that reliance. Victory v. Smith , 2012 Ark. App. 168, 392 S.W.3d 892. To establish a claim under the ADTPA, however, a plaintiff need only prove (1) a deceptive consumer-oriented act or practice which is misleading in a material respect, and (2) injury resulting from such act. See Ark. Code Ann. § 4-88-113(f).
Knowledge of the deceptive nature of one's actions, intent to induce action, reliance, and damages are conspicuously missing from the elements of the ADTPA. Simply put, a claim of common-law fraud and a claim under the statutory provisions of the ADTPA are distinctly different, as is peripherally acknowledged by Arkansas Code Annotated section 4-88-107(b), which clearly states that "the deceptive and unconscionable trade practices listed in this section are in addition to and do not limit the types of unfair trade practices actionable at common law or under other statutes of this state." Appellants' assertion that Rule 9 of the Arkansas Rules of Civil Procedure is the proper pleading standard for this particular statutory claim is incorrect, and we affirm.
Affirmed.
Harrison and Klappenbach, JJ., agree.

James and Brian Hinton are not parties to this appeal.